The STATE of Ohio, Appellee,

v.

BLANKENSHIP, Appellant.

[Cite as *State v. Blankenship* (1995), 102 Ohio App.3d 534.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA94–05–118.

Decided April 17, 1995.

536

540

*John F. Holcomb,* Butler County Prosecuting Attorney, and *Richard A. Hyde,* Assistant Prosecuting Attorney, for appellee.

*Fred Miller,* for appellant.

POWELL, Judge.

On December 6, 1993, defendant-appellant, Darryl J. Blankenship, was indicted by the Butler County Grand Jury on three counts of having a weapon while under a disability in violation of R.C. 2923.13. The indictment alleged that appellant had purchased and possessed firearms on three occasions during July and August 1993 after having been convicted of aggravated robbery in 1984. The indictment also contained three separate firearm specifications. Appellant entered not guilty pleas to all of the charges and the case was tried to a jury on May 2, 1994 in the Butler County Court of Common Pleas.[1]

At trial, the state presented testimony from several witnesses. Greg Spahr, a sales clerk at a K–Mart store in Hamilton, Ohio, testified that appellant purchased a New England twenty-gauge shotgun from the store on July 10, 1993. Spahr testified that appellant used his driver's license for identification to make the purchase and that appellant paid for the gun with a personal check which was

---

1. Although appellant was represented at trial by court-appointed counsel, appellant elected to personally cross-examine most of the state's witnesses and to present his own evidence.

returned unpaid. Spahr also testified that the gun was fully operable at the time it was purchased.

Robert Brickner testified that appellant purchased a Marlin 30–30-caliber rifle from Brickner's Warehouse Guns in Hamilton, Ohio on August 4, 1993. Brickner testified that the gun was operable at the time it was purchased by appellant. Brickner also testified that appellant presented his driver's license at the time of the purchase and that appellant paid for the gun with a personal check which was returned unpaid.

Donald Robertson testified that appellant purchased a Winchester 30–30-caliber rifle from Robertson's Sporting Goods store in Middletown, Ohio on August 16, 1993. Robertson testified that appellant stated that he was buying the gun as a gift for his father and that the gun was fully operable when it was purchased. Robertson also testified that appellant displayed his driver's license at the time of the purchase and that appellant paid for the gun with a personal check which was returned unpaid.

Robert Massie, a handwriting expert with the Miami Valley Regional Crime Laboratory, testified that he had obtained and analyzed several handwriting exemplars bearing appellant's signature. Massie also testified that, in his opinion, the checks used to purchase the guns had been signed by appellant.

Appellant testified that he was living in Columbus, Ohio at the time the guns were sold and that he did not purchase any of the guns. Appellant testified that his driver's license and the personal checks used to purchase the guns were inside of his automobile when it was stolen by his former girlfriend, Michelle McIntosh, on June 28, 1993. Appellant also testified that the checks and his license were missing when the car was recovered by police the following day. Appellant admitted that he had previously been convicted of aggravated robbery in 1984.

Appellant was convicted of all three counts of having a weapon while under a disability and of all three firearm specifications. The trial court sentenced appellant to a three-to-five-year term of imprisonment on each of the three counts. The trial court also sentenced appellant to a three-year term of actual incarceration on each of the three firearm specifications. The trial court ordered all of the sentences to be served consecutively. Appellant now appeals, setting forth the following assignments of error in a brief filed by appellate counsel:

Assignment of Error No. 1:

"The trial court committed plain error when it did not instruct the jury that they needed to make a finding on the firearm specifications beyond a reasonable doubt."

Assignment of Error No. 2:

"The trial court erred to the prejudice of defendant-appellant in finding him guilty of having weapons under disability and the three year gun specification, and sentencing him on both, in violation of the Double Jeopardy Clauses and Ohio Constitutions [*sic*], the United States Constitution and in violation of O.R.C. Sec. 2941.25."

Assignment of Error No. 3:

"The trial court erred to the prejudice of defendant-appellant when it questioned a witness about an element of the crime."

Assignment of Error No. 4:

"The trial court erred to the prejudice of defendant-appellant when it overruled his motion to dismiss by virtue of the fact that appellant was immune from prosecution."

Assignment of Error No. 5:

"The trial court erred to the prejudice of defendant-appellant when it refused to admit certain documentary evidence."

Assignment of Error No. 6:

"The trial court erred to the prejudice of defendant-appellant when it refused to declare a mistrial when the prosecutor pointed out the defendant to state's witness."

Assignment of Error No. 7:

"The trial court erred to the prejudice of defendant-appellant by denying his Sixth Amendment right to compulsory process when the court refused to enforce the defendant's subpoenas."

Assignment of Error No. 8:

"There was insufficient evidence, as a matter of law, on which the jury could base a conviction."

Assignment of Error No. 9:

"The trial court erred to the prejudice of defendant-appellant when it overruled his motion for the appointment of an investigator."

Assignment of Error No. 10:

"The trial court erred to the prejudice of defendant-appellant when it overruled a motion to continue the trial."

Assignment of Error No. 11:

"The trial court erred to the prejudice of defendant-appellant when it overruled his motion for a mistrial after the jury saw him in handcuffs and shackles."

Assignment of Error No. 12:

"The trial court committed plain error when it did not dismiss count three of the indictment."

Assignment of Error No. 13:

"The trial court erred to the prejudice of defendant-appellant when it refused to dismiss the indictment as a result of a violation of Crim.R. 4(E)(1) and a violation of Superintendence Rule 8(A)."

Assignment of Error No. 14:

"The trial court erred to the prejudice of defendant-appellant when it admitted Exhibit 8 into evidence."

Assignment of Error No. 15:

"The trial court erred to the prejudice of defendant-appellant when it admitted into evidence two photo arrays depicting that the defendant had been arrested on other, unrelated charges."

Assignment of Error No. 16:

"The trial court erred to the prejudice of defendant-appellant when it did not declare a mistrial as a result of prosecutorial misconduct."

Assignment of Error No. 17:

"The appellant received the ineffective assistance of counsel at trial."

Assignment of Error No. 18:

"The trial court erred to the prejudice of defendant-appellant when it overruled his motion for acquittal and motion for a new trial."

Assignment of Error No. 19:

"As a result of cumulative error, the trial court deprived appellant of a fair trial."

Appellant has also filed a separate *pro se* brief setting forth the following additional assignments of error:

Assignment of Error No. 20:

"Appellant [*sic* ] counsel failed to raise as an assignment of error that there was introduced at trial absolutely no evidence as to the operability of the firearms in question; as such there is insufficient evidence to support a conviction."

Assignment of Error No. 21:

"The trial court further errored [*sic* ] in not stating findings of fact in his entry overruling appellant's motion to dismiss, and such an error is contrary to law."

Assignment of Error No. 22:

"The trial court errored [*sic*] by its 2–4–94 entry denying appointment of new counsel, thus prompting appellant to proceed in *pro se* in his own defense."

■ In his first assignment of error, appellant contends that the trial court erred in failing to separately instruct the jury that the firearm specifications charged in the indictment must be proven beyond a reasonable doubt. Appellant concedes that he failed to make a timely objection to the trial court's jury instruction as required by Crim.R. 30. Therefore, our focus in ruling on this assignment of error is limited to determining whether the trial court committed plain error. *State v. Underwood* (1983), 3 Ohio St.3d 12, 13, 3 OBR 360, 360–361, 444 N.E.2d 1332, 1333.

■ Plain error exists where the substantial rights of the defendant were so adversely affected as to undermine the fairness of the guilt determining process. *State v. Swanson* (1984), 16 Ohio App.3d 375, 377, 16 OBR 430, 432, 476 N.E.2d 672, 675. "Notice of plain error is * * * to be taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice." *State v. Long* (1978), 53 Ohio St.2d 91, 97, 7 O.O.3d 178, 181, 372 N.E.2d 804, 808. The use of a defective jury instruction does not rise to the level of plain error "unless the outcome of the trial clearly would have been otherwise if the instruction had been properly given." *Cleveland v. Buckley* (1990), 67 Ohio App.3d 799, 805, 588 N.E.2d 912, 916.

In *State v. Penson* (Feb. 26, 1990), Montgomery App. No. CA–9193, unreported, 1990 WL 19395, the Second District Court of Appeals considered whether a trial court must separately instruct the jury that the elements of a firearm specification must be proven beyond a reasonable doubt. The *Penson* court held that a trial court need not specify that each element of the firearm specification must be proven beyond a reasonable doubt where the general jury instructions affirmatively indicate that all of the elements of the offenses charged in the indictment must be proven beyond a reasonable doubt. *Id.* at 32. The court reasoned that there is no danger that the defendant will be convicted of the firearm specification based upon proof less than beyond a reasonable doubt where the only instructions regarding the specification are given in the context of the trial court's general jury instructions defining the elements of the offense and the reasonable doubt standard. *Id.* at 33. We find the rationale of *Penson* persuasive.

■ The record indicates that the trial court's instructions regarding the firearm specifications were given in conjunction with its instructions defining the elements of the underlying weapons offenses and the reasonable doubt standard. The trial court described the reasonable doubt standard in great detail and repeatedly stated that each of the elements must be proven beyond a reasonable

doubt. There is simply *no* reasonable possibility that appellant would not have been convicted of the specifications but for the trial court's failure to specify that the elements of each specification must be proven beyond a reasonable doubt, since appellant's convictions for having weapons while under a disability were based upon proof beyond a reasonable doubt that he possessed firearms. Accordingly, we find that the trial court's failure to separately state that the elements of the firearm specifications must be proven beyond a reasonable doubt does not rise to the level of plain error under these circumstances. Appellant's first assignment of error is overruled.

■ In his second assignment of error, appellant contends that the trial court erred in sentencing him both for having weapons while under a disability and for the accompanying firearm specifications. Appellant first argues that the weapons charges and the corresponding firearm specifications were allied offenses of similar import which should have been merged under R.C. 2941.25. We disagree. R.C. 2941.25 does not apply, inasmuch as only enhanced punishment is involved, not conviction of a separate crime involving identical conduct. A firearm specification is not a separate offense and thus cannot be an allied offense of similar import for purposes of R.C. 2941.25. *State v. Broadus* (1984), 14 Ohio App.3d 443, 445, 14 OBR 563, 564–565, 472 N.E.2d 50, 51–52; *State v. Ramos* (Apr. 16, 1987), Cuyahoga App. No. CA–52061, unreported, 1987 WL 9857. Therefore, the trial court did not err in failing to merge the firearm specifications with the underlying weapons charges under R.C. 2941.25.

■ Appellant also contends that the trial court violated the constitutional protection against double jeopardy by sentencing him on both the firearm specifications and the weapons charges. We again disagree. The use of a firearm specification to enhance the penalty imposed for having a weapon while under a disability does not violate the Double Jeopardy Clauses of the Ohio and United States Constitutions. *State v. Thompson* (Nov. 10, 1986), Warren App. No. CA85–10–059, unreported, 1986 WL 12557; *State v. Brogdon* (Jan. 27, 1995), Trumbull App. No. 92–T–4746, unreported, 1995 WL 434083; *State v. Andrews* (Sept. 13, 1990), Cuyahoga App. No. CA–56983, unreported, 1990 WL 131010. Appellant's second assignment of error is overruled.

In his third assignment of error, appellant contends that the trial court erred in questioning the state's witness, Robert Brickner, as follows:

"*Q.* This 30–30 Marlin, is it a deadly weapon?

"*A.* Yes.

"*Q.* It fires projectiles and can kill?

"*A.* Yes.

"*Q.* And it was operable?

"*A.* Yes."

 Evid.R. 614(B) permits a trial judge to interrogate a witness as long as the questions are relevant and do not suggest a bias for one side or the other. *Sandusky v. DeGidio* (1988), 51 Ohio App.3d 202, 204, 555 N.E.2d 680, 681–682. Absent a showing of bias, prejudice, or prodding of the witness to elicit partisan testimony, it is presumed that the trial court interrogated the witness in an impartial manner in an attempt to ascertain a material fact or develop the truth. *Jenkins v. Clark* (1982), 7 Ohio App.3d 93, 98, 7 OBR 124, 129–130, 454 N.E.2d 541, 548–549. A trial court's interrogation of a witness is not deemed partial for purposes of Evid.R. 614(B) merely because the evidence elicited during the questioning is potentially damaging to the defendant. See *State v. Hammond* (Dec. 5, 1988), Clinton App. No. CA87–11–026, unreported, 1988 WL 129474.

 The questions asked by the trial court in this case were directly relevant to the material issue of whether the firearms purchased by appellant were operable. Brickner could have answered "no" to all of the questions asked by the trial court, which would have benefitted appellant's case. Appellant has not demonstrated to the satisfaction of this court that the trial judge questioned Brickner in a biased or partial manner or that the questions asked by the trial judge were unfairly prejudicial. Consequently, we find that the trial court's interrogation of Brickner was proper under Evid.R. 614(B). Appellant's third assignment of error is overruled.

In his fourth assignment of error, appellant contends that he is immune from prosecution for having a weapon while under a disability. R.C. 2923.23(A) grants limited immunity to a defendant charged with a violation of R.C. 2923.13 and provides in part:

"No person who acquires, possesses, or carries a firearm or dangerous ordnance in violation of section 2923.13 * * * of the Revised Code shall be prosecuted for such violation, if he reports his possession of firearms or dangerous ordnance to any law enforcement authority, describes the firearms of [or] dangerous ordnance in his possession and where they may be found, and voluntarily surrenders the firearms or dangerous ordnance to the law enforcement authority."

 Appellant reported the theft of his car and checks. The record contains no evidence indicating that appellant made any attempt to report his possession of the firearms or to voluntarily surrender any of the firearms to a law enforcement agency. Therefore, the trial court properly found that appellant is not entitled to immunity from prosecution under R.C. 2923.23(A). Appellant's fourth assignment of error is overruled.

In his fifth assignment of error, appellant contends that the trial court erred in excluding the arrest records of his former girlfriend, Michelle McIntosh, for forgery, receiving stolen property, felonious assault, and a number of other offenses unrelated to this case. Appellant argues that the arrest records should have been admitted to show that it was actually McIntosh who purchased the firearms at issue in this case. The trial court held that this evidence was irrelevant and therefore inadmissible under Evid.R. 401.

Evid.R. 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." The admission of evidence under Evid.R. 401 is a matter within the sound discretion of the trial court. *State v. Sage* (1987), 31 Ohio St.3d 173, 180, 31 OBR 375, 380–381, 510 N.E.2d 343, 348. A trial court's decision to exclude evidence under Evid.R. 401 must not be disturbed on appeal absent an abuse of discretion. *State v. Wayt* (Mar. 24, 1994), Butler App. No. CA93–05–097, unreported, 1994 WL 117764.

After a careful review of the arrest records offered by appellant at trial, we are unable to see how these documents in any way demonstrate that McIntosh, and not appellant, made the firearm purchases in this case. Consequently, we find no abuse of discretion by the trial court in excluding this evidence. Appellant's fifth assignment of error is overruled.

In his sixth assignment of error, appellant contends that the trial court erred in overruling his motion for a mistrial. Appellant argues that the trial court should have declared a mistrial when the prosecutor asked the state's witness, Columbus Police Officer Christina Hannisch, to direct her attention to the table where appellant was seated and identify him.

"The granting or denying of a mistrial under Crim.R. 33 rests within the sound discretion of the trial court. * * * An appellate court will not disturb the exercise of this discretion absent a showing that the accused has suffered material prejudice." *Sage, supra,* 31 Ohio St.3d at 182, 31 OBR at 382, 510 N.E.2d at 349–350. The granting of a mistrial is only necessary where a fair trial is no longer possible. *State v. Franklin* (1991), 62 Ohio St.3d 118, 127, 580 N.E.2d 1, 8–9. A mistrial should not be granted merely because some minor error or irregularity has arisen. *State v. Reynolds* (1988), 49 Ohio App.3d 27, 33, 550 N.E.2d 490, 497.

The record shows that the prosecutor asked Hannisch whether appellant was present in the courtroom and then motioned to the table where appellant and defense counsel were seated and asked Hannisch to "direct your attention over here." Hannisch testified that appellant resembled a man she had arrested in

Columbus, Ohio on August 27, 1993, but stated that she was unable to identify appellant with absolute certainty. Appellant later testified that he was in fact the man arrested by Hannisch in Columbus, Ohio on August 27, 1993.

There is nothing in the record to suggest that the form of the prosecutor's question was designed to improperly coax or prod Hannisch into identifying appellant. Further, it is evident that the issue of whether appellant was the man arrested by Hannisch in Columbus on August 27, 1993 was not subject to serious dispute at trial. Accordingly, we find no abuse of discretion by the trial court in denying appellant's motion for a mistrial. Appellant's sixth assignment of error is overruled.

In his seventh assignment of error, appellant contends that the trial court deprived him of his right to compulsory process by failing to enforce several subpoenas *duces tecum*. The Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution provide that an accused has a right to compulsory process to obtain favorable witnesses or evidence. *Pennsylvania v. Ritchie* (1987), 480 U.S. 39, 56, 107 S.Ct. 989, 1000, 94 L.Ed.2d 40, 56–57; *Columbus v. Cooper* (1990), 49 Ohio St.3d 42, 44, 550 N.E.2d 937, 938–939. However, this right is not without limits. An accused does not have the right to compulsory process to obtain evidence that is inadmissible under standard rules of evidence. *Taylor v. Illinois* (1988), 484 U.S. 400, 410, 108 S.Ct. 646, 653–654, 98 L.Ed.2d 798, 811; *State v. Dugan* (Nov. 21, 1990), Wayne App. No. CA–2566, unreported, 1990 WL 188403; *State v. Walker* (June 5, 1987), Wood App. No. WD–86–32, unreported, 1987 WL 12155.

Appellant argues that the trial court failed to enforce several subpoenas *duces tecum* for notes made by Hamilton Police Officers Vernon Bryant and David Fant concerning the theft of his automobile. Appellant also argues that the trial court failed to enforce a subpoena *duces tecum* for notes made by his parole officer, Bradley Mercer, concerning his ongoing dispute with Michelle McIntosh. Again, we must disagree. The record reveals that appellant intended to introduce statements from these documents to the effect that his car had in fact been stolen and that he had been "stalked" by McIntosh. These statements were to be offered to prove the truth of the matter asserted and as such were inadmissible hearsay. See Evid.R. 801. Therefore, we find that the trial court did not err in failing to enforce the subpoenas for these documents.

Appellant also argues that the trial court failed to enforce a subpoena *duces tecum* for all of the checks written on his account after his entire supply of personal checks was allegedly stolen from his automobile. These documents, however, were never subpoenaed by appellant. Appellant's seventh assignment of error is overruled.

In his eighth assignment of error, appellant contends that the trial court erred in denying his Crim.R. 29(A) motion for a judgment of acquittal. Crim.R. 29(A) provides in part:

"The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses."

A trial court's function in ruling on a Crim.R. 29(A) motion for acquittal is to examine all of the evidence admitted at trial and then determine whether reasonable minds could reach different conclusions as to whether all material elements of the offenses charged were proven beyond a reasonable doubt. *State v. Apanovitch* (1987), 33 Ohio St.3d 19, 23, 514 N.E.2d 394, 399–400.

Our review of the record indicates that the state presented substantial, credible evidence which would permit the jury to conclude that appellant possessed firearms while under a legal disability on three separate occasions in violation of R.C. 2923.13. Therefore, we find that the trial court properly overruled appellant's Crim.R. 29(A) motion for acquittal. Appellant's eighth assignment of error is overruled.

In his ninth assignment of error, appellant contends that the trial court erred in overruling his motion for a court-appointed investigator. A trial court has broad discretion to grant or deny an indigent defendant's motion for the appointment of an expert witness or a state-funded investigator in a noncapital case. See *State v. Weeks* (1989), 64 Ohio App.3d 595, 598, 582 N.E.2d 614, 615–616. An indigent defendant seeking court-appointed investigative assistance bears the burden of establishing the reasonableness of his request. See *State v. Scott* (1987), 41 Ohio App.3d 313, 314–315, 535 N.E.2d 379, 381–383. The defendant must, at the very minimum, establish some particularized need for the services of an investigator. See *Weeks, supra,* at 599, 582 N.E.2d at 616–617.

Appellant argues that the services of a court-appointed investigator were necessary to assist him in locating several alibi witnesses in Columbus, Ohio. The record indicates, however, that three of appellant's four alibi witnesses were present at trial and testified. Further, appellant could easily have obtained the address of the fourth alibi witness, John Gnosa, by contacting Gnosa's sister, Tammy Summers, who testified at trial and whose address and whereabouts were known to appellant throughout these proceedings. Accordingly, we find no abuse of discretion by the trial court in overruling appellant's motion for a court-appointed investigator. Appellant's ninth assignment of error is overruled.

■ In his tenth assignment of error, appellant contends that the trial court erred in denying his motion for a continuance. The granting or denial of a motion for a continuance is a matter within the sound discretion of the trial court. *State v. Sowders* (1983), 4 Ohio St.3d 143, 144, 4 OBR 386, 387–388, 447 N.E.2d 118, 120; *State v. Unger* (1981), 67 Ohio St.2d 65, 67, 21 O.O.3d 41, 42–43, 423 N.E.2d 1078, 1079–1080. An appellate court must not disturb a trial court's decision denying a motion for a continuance absent an abuse of discretion. *State v. Grant* (1993), 67 Ohio St.3d 465, 479, 620 N.E.2d 50, 66–67. The reviewing court must weigh the potential prejudice to the defendant against the trial court's "right to control its own docket and the public's interest in the prompt and efficient dispatch of justice." *State v. Powell* (1990), 49 Ohio St.3d 255, 259, 552 N.E.2d 191, 196.

■ Appellant argues that the trial court should have granted him a continuance to permit him to locate several additional alibi witnesses. However, our review of the record indicates that the trial court had previously granted appellant a forty-eight-day continuance from March 15, 1994 to May 2, 1994 for this purpose. Appellant then moved for a second continuance on April 25, 1994, one week prior to the scheduled trial date. There is nothing in the record to suggest that any further delay in the proceedings would have allowed appellant to locate and subpoena additional alibi witnesses or that the trial court abused its discretion by denying appellant's motion for a continuance under these circumstances. Appellant's tenth assignment of error is overruled.

■ In his eleventh assignment of error, appellant contends that the trial court erred in denying his second motion for a mistrial. Appellant argues that the trial court should have declared a mistrial because several members of the jury saw him in handcuffs and shackles outside of the courthouse. A defendant's right to a fair trial is not prejudiced by the use of handcuffs or shackles where the jurors' view of the defendant in custody is brief, inadvertent, and outside of the courtroom. *State v. Kidder* (1987), 32 Ohio St.3d 279, 285–286, 513 N.E.2d 311, 317–319. "The ultimate question is the degree of prejudice, if any, which such brief exposure caused." *State v. Chitwood* (1992), 83 Ohio App.3d 443, 448, 615 N.E.2d 257, 260.

■ The record reveals that several members of the jury may have momentarily seen appellant in handcuffs and shackles as he was being led into the courthouse. Any glimpse of appellant in restraints by members of the jury was certainly brief and inadvertent and occurred outside of the courtroom. There is no evidence that these circumstances unduly prejudiced appellant's right to a fair trial or in any way contributed to the guilty verdict in this case. Consequently,

we find that the trial court properly overruled appellant's motion for a mistrial. Appellant's eleventh assignment of error is overruled.

In his twelfth assignment of error, appellant contends that the trial court erred in failing to dismiss count three of the indictment which alleged that he had possessed a Winchester 30–30-caliber rifle which he purchased from Robertson's Sporting Goods Store in Middletown, Ohio on August 16, 1993. Appellant argues that this count of the indictment should have been dismissed because the state did not present sufficient evidence to the Butler County Grand Jury to allow it to return an indictment.

■■■ "The grand jury's sources of information are widely drawn, and the validity of an indictment is not affected by the character of the evidence considered." *United States v. Calandra* (1974), 414 U.S. 338, 344–345, 94 S.Ct. 613, 618, 38 L.Ed.2d 561, 569–570. An indictment which is valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence. *State v. Davis* (1988), 38 Ohio St.3d 361, 365, 528 N.E.2d 925, 929–930. Appellant does not challenge the facial validity of the indictment, but instead merely alleges that the state failed to present sufficient evidence that he committed the offense charged in count three to allow the grand jury to return an indictment. Appellant's claim that the trial court should have dismissed count three of the indictment is therefore without merit. Appellant's twelfth assignment of error is overruled.

In his thirteenth assignment of error, appellant contends that the trial court erred in failing to dismiss the indictment under Crim.R. 4(E)(1) and C.P.Sup.R. 8(A). Crim.R. 4(E)(1) provides in part:

"Where under a warrant a person is arrested either in the county from which the warrant issued or in an adjoining county, the arresting officer shall, except as provided in division (F), bring the arrested person without unnecessary delay before the court that issued the warrant. Where the arrest occurs in any other county, the arrested person shall, except as provided in division (F), be brought without unnecessary delay before a court of record therein, having jurisdiction over such an offense, and he shall not be removed from that county until he has been given an opportunity to consult with an attorney, or another person of his choice, and to post bail to be determined by the judge or magistrate of that court."

Appellant argues that the indictment should have been dismissed because he was returned to Butler County for trial after his arrest in Columbus, Ohio without the benefit of the bail hearing required by Crim.R. 4(E)(1). The record indicates that appellant was arrested in Columbus on August 27, 1993. Appellant was subsequently brought before the Franklin County Court of Common Pleas on

September 1, 1993. At the September 1, 1993 hearing, the court set appellant's bail at $5,000 cash or surety. Appellant was then returned to Butler County to answer the indictment on September 3, 1993. Appellant's claim that he was denied the benefit of a proper bail hearing under Crim.R. 4(E)(1) is therefore without merit.

Appellant also contends that the indictment should have been dismissed under C.P.Sup.R. 8(A) because he was not indicted within sixty days of the date he was initially bound over to the grand jury. C.P.Sup.R. 8(A) provides:

"When an accused has been bound over to a grand jury and no final action is taken by the grand jury within 60 days after the date of the bindover, the court or the administrative judge thereof shall dismiss the charge unless for good cause shown the prosecuting attorney is granted a continuance for a definite period of time."

Appellant was bound over to the Butler County Grand Jury on September 28, 1993, but was not indicted until sixty-nine days later on December 6, 1993. However, the record shows that the trial court continued the bindover on November 10, 1993 until the start of the December term in accordance with C.P.Sup.R. 8(A). The trial court consequently did not err in failing to dismiss the indictment. Appellant's thirteenth assignment of error is overruled.

In his fourteenth assignment of error, appellant contends that the trial court erred in admitting a letter he had written to Hamilton Police Detective David Rumpler. The letter contained a vague admission by appellant that he had previously made threatening statements against Butler County Common Pleas Judge Michael Sage. Appellant argues that the trial court should have excluded this evidence under Evid.R. 403.

Evid.R. 403 provides that evidence which is otherwise relevant is inadmissible where its probative value is substantially outweighed by the danger of unfair prejudice to the defendant. The admissibility of evidence under Evid.R. 403 is a matter within the sound discretion of the trial court. *State v. Maurer* (1984), 15 Ohio St.3d 239, 15 OBR 379, 473 N.E.2d 768, syllabus. Absent an abuse of discretion, a trial court's decision to admit evidence under Evid.R. 403 must not be disturbed on appeal. *State v. Landrum* (1990), 53 Ohio St.3d 107, 113–115, 559 N.E.2d 710, 720; *State v. Harcourt* (1988), 46 Ohio App.3d 52, 55, 546 N.E.2d 214, 218–219.

The letter from appellant to Detective Rumpler was relevant as a handwriting exemplar to prove that appellant had written the checks used to purchase the guns. The admission of this document was necessary in this case because appellant had attempted to disguise his handwriting in the other exemplars offered by the state at trial. The letter was a known and undisguised

writing sample unquestionably written by appellant. Any prejudice appellant may have suffered as a result of the vague reference in the letter to threats he may have made to Judge Michael Sage was certainly minimal in light of the fact that Judge Sage was in no way connected with this case. Therefore, we find no abuse of discretion by the trial court in admitting this evidence. Appellant's fourteenth assignment of error is overruled.

In his fifteenth assignment of error, appellant contends that the trial court erred in admitting two photo arrays of "mugshots" taken by police when he was incarcerated for prior offenses. Appellant argues that the trial court should have excluded the photo arrays because they allowed the jury to infer that he had a prior criminal history.

Evidence of a defendant's prior criminal convictions is admissible where it is an element of the offense charged in the indictment. *State v. Henderson* (1979), 58 Ohio St.2d 171, 173, 12 O.O.3d 177, 178, 389 N.E.2d 494–495; *State v. Gordon* (1971), 28 Ohio St.2d 45, 48–49, 57 O.O.2d 180, 181–182, 276 N.E.2d 243, 245–246. The indictment in this case charged appellant with three counts of possessing firearms while under a legal disability. Proof of appellant's prior criminal history was thus admissible at trial to establish an essential element of the state's case. *State v. Workman* (Mar. 24, 1988), Cuyahoga App. No. 53581, unreported, 1988 WL 35272; *State v. McMichael* (Dec. 15, 1983), Cuyahoga App. No. 46710, unreported, 1983 WL 2914. Indeed, appellant acknowledged during his testimony at trial that he had previously been convicted and imprisoned for aggravated robbery in 1984. We fail to see how appellant could possibly have been prejudiced by the admission of photographs depicting him in police custody under these circumstances. Accordingly, appellant's fifteenth assignment of error is overruled.

In his sixteenth assignment of error, appellant contends that his conviction must be reversed because of prosecutorial misconduct. The relevant inquiry a reviewing court must apply in assessing the validity of a claim of prosecutorial misconduct is (1) whether the prosecutor's remarks were indeed improper, and (2) if so, whether a substantial right of the accused was adversely affected. *State v. Lott* (1990), 51 Ohio St.3d 160, 165, 555 N.E.2d 293, 299–300; *State v. Black* (1991), 75 Ohio App.3d 667, 674, 600 N.E.2d 389, 393–394.

Appellant alleges seven separate instances of prosecutorial misconduct. Appellant primarily argues that (1) the prosecutor falsely stated that appellant's 1984 criminal conviction for aggravated robbery was no longer under appeal; (2) the prosecutor repeatedly referenced facts not in evidence; and (3) the prosecutor improperly asked a defense witness whether she had been coached. However, we have thoroughly reviewed the entire record of the proceedings before the trial

court and are unable to find any false statements by the prosecutor, references to facts not in evidence, or other instances of misconduct by the prosecutor. Appellant's sixteenth assignment of error is therefore overruled.

In his seventeenth assignment of error, appellant contends that his conviction must be reversed because he received ineffective assistance of counsel. The test an appellate court must apply when reviewing an ineffective assistance of counsel claim is (1) whether counsel's performance fell below an objective standard of reasonableness, and (2) if so, whether there is a reasonable probability that counsel's unprofessional errors affected the outcome of the proceedings. *Strickland v. Washington* (1984), 466 U.S. 668, 690, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674, 695; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, syllabus.

At trial, appellant conducted the majority of his own defense. Appellant delivered his own opening statement, personally cross-examined most of the state's witnesses, and insisted on questioning most of his own witnesses on direct examination. Appellant in effect relegated his court-appointed attorney to the position of "co-counsel," so that defense counsel's role in the proceedings was limited to offering relevant objections to the state's evidence, cross-examining the state's handwriting expert, and delivering closing arguments. There is simply no way that counsel's performance of these tasks fell below an objectively reasonable standard of professional competence. Accordingly, appellant's ineffective assistance of counsel claim is without merit. Appellant's seventeenth assignment of error is overruled.

In his eighteenth assignment of error, appellant contends that the trial court erred in overruling his motion for a new trial.[2] The decision to grant or deny a motion for a new trial under Crim.R. 33 rests within the sound discretion of the trial court. *State v. Schiebel* (1990), 55 Ohio St.3d 71, 76, 564 N.E.2d 54, 61–62. An appellate court may not disturb a trial court's decision denying a motion for a new trial absent an abuse of discretion. *State v. Shepard* (1983), 13 Ohio App.3d 117, 119, 13 OBR 135, 137–138, 468 N.E.2d 380, 383–384.

Appellant argues that the errors set forth in the previous seventeen assignments of error deprived him of his right to a fair trial. We are not persuaded. Appellant has not demonstrated that any errors of law or procedural irregularities occurred during trial which may have affected the outcome of the

---

**2.** Appellant's eighteenth assignment of error also alleges that the trial court erred in overruling his motion for a judgment of acquittal. However, we have already considered this issue in ruling on appellant's eighth assignment of error. Therefore, we decline to revisit this question.

proceedings. Consequently, we find no abuse of discretion by the trial court in denying appellant's motion for a new trial. Appellant's eighteenth assignment of error is hereby overruled.

In his nineteenth assignment of error, appellant contends that the cumulative effect of the errors alleged in his first eighteen assignments of error deprived him of a fair trial. We decline to accept appellant's invitation to revisit each of the previous assignments of error which we have already overruled. As we have already noted, appellant has not shown that any errors of law occurred during trial which may have affected the outcome of the proceedings or prejudiced his right to a fair trial. Accordingly, we fail to see how the absence of prejudicial error can rise to the level of cumulative error. See *State v. Moreland* (1990), 50 Ohio St.3d 58, 69, 552 N.E.2d 894, 905; *State v. Vinson* (1990), 70 Ohio App.3d 391, 402, 591 N.E.2d 337, 344. Appellant's nineteenth assignment of error is overruled.

In his twentieth assignment of error, appellant contends that his conviction must be reversed because the state failed to present sufficient evidence that each of the three firearms he purchased was fully operable. We find this allegation to be completely without merit. At trial, the state presented testimony from each of the three witnesses who sold appellant the firearms. All three witnesses testified that the guns were fully operable at the time appellant made the purchases. This testimony constitutes substantial, credible evidence which would allow the jury to conclude that the firearms purchased and possessed by appellant were fully operable. See *State v. Jenks* (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492, 503. Appellant's twentieth assignment of error is overruled.

In his twenty-first assignment of error, appellant contends that the trial court erred in failing to state findings of fact in its entry overruling his motion to dismiss the indictment. Crim.R. 12(E) addresses a trial court's duty to provide findings of fact and provides that "[w]here factual issues are involved in determining a motion, the court shall state its essential findings on the record." Before a defendant may invoke the provisions of Crim.R. 12(E) on appeal, there must be a request that the trial court state its essential findings of fact in support of its decision denying the motion. *State v. Benner* (1988), 40 Ohio St.3d 301, 317, 533 N.E.2d 701, 717–718. Our review of the record indicates that appellant never made any such request. The trial court consequently did not err in failing to provide appellant with a statement of its findings of fact supporting its decision overruling his motion to dismiss the indictment. Appellant's twenty-first assignment of error is overruled.

In his twenty-second and final assignment of error, appellant contends that the trial court erred in overruling his motion for the appointment of

new counsel. An indigent defendant has a right to competent counsel, not a right to counsel of his own choosing. *Thurston v. Maxwell* (1965), 3 Ohio St.2d 92, 93, 32 O.O.2d 63, 64, 209 N.E.2d 204, 205–206. The right to competent counsel does not require that a criminal defendant develop and share a "meaningful relationship" with his attorney. *Morris v. Slappy* (1983), 461 U.S. 1, 13, 103 S.Ct. 1610, 1617, 75 L.Ed.2d 610, 621. Rather, an indigent defendant is entitled to the appointment of substitute counsel only upon a showing of good cause, such as a conflict of interest, a complete breakdown in communication, or an irreconcilable conflict which leads to an apparently unjust result. *State v. Pruitt* (1984), 18 Ohio App.3d 50, 57, 18 OBR 163, 170–171, 480 N.E.2d 499, 507–508. The record contains no evidence indicating that any such circumstances existed in this case. Therefore, we find no abuse of discretion by the trial court in overruling appellant's motion for the appointment of new counsel. Appellant's twenty-second assignment of error is overruled.

*Judgment affirmed.*

WALSH, P.J., and WILLIAM W. YOUNG, J., concur.