[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Following a jury trial, defendant-appellant Leron Jones was convicted of having a weapon under a disability in violation of R.C. 2923.13(A)(3) with two gun specifications, which provided, among other things, that he displayed, brandished, indicated he possessed, or used a firearm while committing the offense. On appeal, he presents several assignments of error, none of which is well taken.
In his first assignment of error, Jones argues that the gun specifications and the underlying weapons-under-disability charge ran afoul of constitutional protections against double jeopardy. The thrust of his argument is that they all involved the same offense.
The double-jeopardy clauses of the state and federal constitutions prevent a defendant from being convicted or sentenced more than once for the same offense. It is well settled in Ohio, however, that firearm specifications are not separate offenses, but rather penalty "enhancements."[1] As a result, the constitutional prohibition against multiple punishments does not apply to penalty-enhancing factors such as the firearm specifications. Accordingly, we hold that there was no constitutional violation here.
Jones further argues in this assignment of error that his trial counsel was ineffective because counsel failed to file a motion to dismiss on double-jeopardy grounds. We hold that counsel was effective because there was no substantial violation of Jones's rights, and because he was clearly not prejudiced by trial counsel's failure to raise the issue of double jeopardy.[2]
As a result, we overrule Jones's first assignment of error.
In his second assignment of error, Jones challenges the clarity of the jury instructions given for the two specifications. Because the jury instructions were not objected to at trial, we evaluate this assignment under a plain-error analysis.[3] After reviewing the jury instructions, we cannot say that the jury was misled by them. Accordingly, Jones's second assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
PAINTER, P.J., SUNDERMANN and WINKLER, JJ.
To the Clerk:
Enter upon the Journal of the Court on January 26, 2000 per order of the Court _______________________________.
Presiding Judge
[1] See State v. Blankenship (1995), 102 Ohio App.3d 534, 547,657 N.E.2d 559, 567; State v. Carter (May 21, 1999), Lucas App. Nos. L-97-1162, L-97-1163, and L-97-1169, unreported, appeal not allowed (1999), 86 Ohio St.3d 1489, 716 N.E.2d 721; State v. Russell (June 30, 1998), Athens App. No. 97 CA 37, unreported; State v. Willingham (Feb. 16, 1989), Cuyahoga App. Nos. 54767, and 56464, unreported.
[2] See Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus.
[3] See Crim.R. 30(A); State v. Underwood (1983), 3 Ohio St.3d 12,444 N.E.2d 1332, syllabus.