[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Defendant-appellant Willie Marshall pleaded guilty to one count of aggravated robbery in violation of R.C. 2911.01(A)(1), in exchange for the dismissal of a robbery charge and the imposition of four-year prison term. Following his guilty plea, the trial court found Marshall guilty of aggravated robbery and sentenced him to the four-year term.
 {¶ 3} Marshall appeals from his conviction, alleging that the trial court improperly overruled his motion for a continuance so that he could retain new counsel.
 {¶ 4} A public defender was appointed to represent Marshall. The same public defender represented him in this case and in another case involving a drug-possession charge. The cases were consolidated and set for trial. Immediately before the selection of the jury, Marshall requested a continuance to retain private counsel. The trial court noted that Marshall had had a sufficient opportunity to retain private counsel, and that the jury was waiting in the jury room, ready to go forward. The court further noted that Marshall's retained counsel was involved in two of Marshall's cases and that another attorney had not been contacted. For these reasons, the court denied Marshall's motion.
 {¶ 5} The day after the jurors were selected, Marshall entered a guilty plea. At that time, he acknowledged that he had talked with his appointed counsel regarding possible defenses and that he was satisfied with his attorney's advise, counsel, and competence.
 {¶ 6} First, we examine whether the trial court abused its discretion in denying Marshall's motion.[1] When making such a determination, we must balance the defendant's rights and any prejudice to him against the public's interest in the prompt administration of justice and the court's right to control its own docket.[2]
 {¶ 7} Marshall's motion for a continuance to obtain new counsel was made orally on the first day of trial. The jurors were waiting in the next room to begin the jury-selection process. Marshall did not specify why he wanted to retain a private attorney. Marshall's appointed counsel explained that he had been appointed to represent Marshall in two cases, and that the first time the appointed counsel became aware of Marshall's request was at the hearing. Moreover, the very next day Marshall indicated that he was satisfied with his appointed counsel's performance. Without more specific information from Marshall or some reasonable explanation about why Marshall had asked for the continuance, we cannot conclude that the trial court abused its discretion in denying Marshall's motion for continuance.
 {¶ 8} Next, we examine Marshall's argument that he was denied effective assistance of trial counsel by the trial court's failure to defer to his request for new counsel. The trial court's failure to honor a timely request for new counsel constitutes ineffective assistance of counsel where the defendant demonstrates "good cause, such as a conflict of interest, a complete breakdown of communication, or an irreconcilable conflict * * *."[3] There is no evidence of such a breakdown here. The trial court inquired into trial counsel's representation and was satisfied with counsel's representation. Moreover, immediately before the trial commenced, Marshall pleaded guilty and stated that he was satisfied with his appointed counsel's representation throughout the proceeding. As a result, we cannot now conclude that Marshall was denied effective assistance of counsel.
 {¶ 9} We, therefore, overrule Marshall's sole assignment of error and affirm the judgment of the trial court.
 {¶ 10} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Gorman and Winkler, JJ.
[1] See State v. Unger (1981), 67 Ohio St.2d 65, 423 N.E.2d 1078, syllabus; State v. Washington (Aug. 17, 2001), 1st Dist. No. C-000754.
[2] See State v. Unger, supra, at 67; State v. Washington, supra.
[3] State v. Blankenship (1995), 102 Ohio App.3d 534, 558,657 N.E.2d 559. See, also, State v. Washington, supra.