OPINION
{¶ 1} Defendant-Appellant Monte McCoy appeals his convictions for forgery, identity fraud and possession of criminal tools. McCoy presents just one assignment of error, arguing that the trial court abused its discretion in denying defense counsel's motion to withdraw.
 {¶ 2} On November 13, 2002 McCoy was indicted for identity fraud, possession of criminal tools, and two counts of forgery. He was represented at his December 12, 2002 arraignment by attorney Thomas Matthewson. On January 16, 2003 counsel filed a motion to withdraw. The trial court held a hearing on the motion the following day and denied the motion. On March 4, 2003 a jury convicted McCoy of all charges. McCoy filed a timely notice of appeal.
 {¶ 3} McCoy's assignment of error:
 {¶ 4} "It is error for the trial court not to grant Defense counsel's motion to withdraw as trial counsel once defense counsel has testified at a hearing on his motion that defendant's filing a complaint against him with the Supreme Court creates an insurance risk in his continuing as counsel and that, he would have an ethical conflict trying to watch his own back while advocating for his client at trial."
 {¶ 5} In his sole assignment of error, McCoy claims that the trial court abused its discretion in denying defense counsel's motion to withdraw. We disagree.
 {¶ 6} The decision of whether to substitute counsel is within the discretion of the trial court. Wheat v. U.S. (1988), 486 U.S. 153,108 S.Ct. 1692. See, also, State v. Jones (2001), 91 Ohio St.3d 335, 343-44,744 N.E.2d 1163. Therefore, we review the trial court's decision under the abuse of discretion standard. State v. Murphy (2001),91 Ohio St.3d 516, 523, 747 N.E.2d 765. An abuse of discretion is more than a mere error of law or an error in judgment. Instead, it implies an arbitrary, unreasonable, unconscionable attitude on the part of the trial court. State v. Adams (1980), 62 Ohio St.2d 151, 157, 580 N.E.2d 767.
 {¶ 7} A criminal defendant's Sixth Amendment right to competent counsel does not extend to a right to counsel of the defendant's choice.Thurston v. Maxwell (1965), 3 Ohio St.2d 92, 93, 209 N.E.2d 204. Nor does the right to counsel include a right to a meaningful or peaceful relationship between counsel and the defendant. State v. Blankenship
(1995), 102 Ohio App.3d 534, 538, 657 N.E.2d 559, citing Morris v.Slappy (1983), 461 U.S. 1, 103 S.Ct. 1610.
 {¶ 8} However, a criminal defendant may discharge a court-appointed attorney when the defendant can demonstrate a break-down in the attorney-client relationship to such a degree as to endanger the defendant's right to effective assistance of counsel. State v. Coleman
(1998), 37 Ohio St.3d 286, 292, 525 N.E.2d 792, paragraph four of the syllabus. Specifically, an indigent defendant is entitled to the appointment of new counsel when there is a showing of good cause, such as a conflict of interest where the conflict is so severe that the denial of substitute counsel would violate the Sixth Amendment right to counsel.Blankenship, supra, at 558. Alternatively, the defendant may demonstrate a complete breakdown of communication or an irreconcilable conflict which leads to an unjust result. Id.
 {¶ 9} In this case although counsel testified that he felt that he would have to be "watching his back" due to McCoy's filing of a complaint with the Supreme Court disciplinary counsel, McCoy's complaint had already been dismissed and the matter closed. More importantly, counsel also testified that he and McCoy could work things out and that they still had a working relationship. In fact, they had met and discussed the case earlier in the same week. Furthermore, McCoy twice agreed that he could and would work with his attorney.
 {¶ 10} Accordingly, McCoy failed to bear his burden of showing good cause for the substitution of counsel. See, e.g., State v. Carter
(1998), 128 Ohio App.3d 419, 423, 715 N.E.2d 223. There was no complete breakdown of communication, conflict of interest, or irreconcilable conflict that produced an unjust result. Therefore, the trial court did not err in denying counsel's motion to withdraw. McCoy's sole assignment of error is without merit and is overruled.
 {¶ 11} Having overruled McCoy's sole assignment of error, we affirm the judgment of the trial court.
Fain, P.J., and Wolff, J., concur.