OPINION
{¶ 1} This matter comes before us upon three consolidated appeals by Joshua Daniel Adair, aka Joshua Daniel Payne. In each of the three cases, Adair appeals from his conviction and sentence following a no-contest plea to a charge of possessing crack cocaine.
 {¶ 2} Adair advances identical assignments of error in each case. First, he contends the trial court abused its discretion when it overruled his combined motion for a continuance and for leave to permit his appointed counsel to withdraw from representation. Second, he contends the trial court's denial of the motion deprived him of his Sixth Amendment right to effective assistance of counsel. Although Adair raises two assignments of error, he presents the same argument under each of them. As a result, we will address the two assignments of error together.
 {¶ 3} The decision whether to substitute counsel is within the discretion of the trial court. State v. Jones, 91 Ohio St.3d 335, 343-44,2001-Ohio-57. Therefore, we review the trial court's decision under an abuse-of-discretion standard. State v. Murphy, 91 Ohio St.3d 516, 523,2001-Ohio-112. An abuse of discretion is more than an error of law or an error in judgment. It implies an arbitrary, unreasonable, unconscionable attitude on the part of the trial court. State v. Adams (1980),62 Ohio St.2d 151, 157.
 {¶ 4} A criminal defendant's Sixth Amendment right to competent counsel does not extend to a right to counsel of the defendant's choice.Thurston v. Maxwell (1965), 3 Ohio St.2d 92, 93. Nor does the right to counsel include a right to a meaningful or peaceful relationship between counsel and defendant. State v. Blankenship (1995), 102 Ohio App.3d 534,558, citing Morris v. Slappy (1983), 461 U.S. 1. However, a criminal defendant may discharge a court-appointed attorney when the defendant can demonstrate a break-down in the attorney-client relationship to such a degree as to endanger the defendant's right to effective assistance of counsel. Specifically, an indigent defendant is entitled to the appointment of new counsel when there is a showing of good cause, such as a conflict of interest where the conflict is so severe that the denial of substitute counsel would violate the Sixth Amendment right to counsel.Blankenship, supra, at 558. Alternatively, the defendant may demonstrate a complete breakdown of communication or an irreconcilable conflict which leads to an unjust result. Id.; see also State v. McCoy, Greene App. No. 2003-CA-27, 2004-Ohio-266.
 {¶ 5} In the present case, the first indication of Adair's dissatisfaction with his attorney arose during a May 10, 2004, final pretrial hearing held one week before the scheduled trial date. At that time, defense counsel informed the court that Adair's family recently had tried, without success, to retain other representation. Defense counsel added that this other attorney had been in contact with the prosecution about the case. Defense counsel also stated that his communications with Adair had "broken down significantly." The trial court then directly asked Adair about his reasons for desiring a new attorney. In response, he only mentioned wanting his own copy of discovery materials that he admittedly had seen before. The trial court addressed this concern by arranging for a copy to be given to him.
 {¶ 6} Later that day, defense counsel filed a motion requesting leave to withdraw and seeking to have new counsel appointed for Adair. The trial court held a hearing on the motion two days later. During the hearing, defense counsel reported "some breakdown in communications" that he believed would make effective representation difficult. Defense counsel also noted that Adair was being held in Miami County, which hindered attorney-client contact. In addition, defense counsel noted that his conversations with Adair had not been particularly productive and that Adair was unhappy with his handling of a suppression motion.
 {¶ 7} After hearing from counsel, the trial court again spoke to Adair and inquired about his concerns. In response, Adair agreed that being housed in Miami County had made communication with his attorney difficult. He also mentioned having questions that he would like to ask the arresting officer, expressed confusion about the trial process, and conveyed frustration with his predicament.
 {¶ 8} Ultimately, the trial court overruled Adair's motion and refused to appoint new counsel. In so doing, the trial court addressed the issue of poor attorney-client contact by arranging for Adair to be held in Montgomery County until his trial. The trial court also noted its failure to see any problems with the attorney-client relationship so severe that they endangered Adair's right to effective assistance of counsel. In addition, the trial court observed that appointing new counsel and granting a continuance would require significant rescheduling of its docket.
 {¶ 9} Having reviewed a videotape of the hearing on Adair's motion, we agree with the State that the trial court did not abuse its discretion. The trial court gave thoughtful consideration to Adair's concerns, remedied those that could be cured, and found no other issues that were serious enough to warrant appointing new counsel. Our review of the record supports the trial court's belief that there was no complete breakdown of communication, conflict of interest, or irreconcilable difference between Adair and his attorney. Accordingly, we overrule Adair's assignments of error and affirm the judgment of the Montgomery County Common Pleas Court.
Judgment affirmed.
Donovan, J., and Young, J., concur.
(Hon. Frederick N. Young, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio)