OPINION
{¶ 1} Larry Ealy was found guilty by a jury in the Dayton Municipal Court of two counts of disorderly conduct, two counts of improper conduct at a city commission meeting, and one count of obstructing official business. He was sentenced to thirty days on each of the improper conduct and disorderly conduct offenses, and to ninety days for obstructing official business. The sentences were to be served concurrently. The sentences were suspended on the condition that Ealy successfully complete one year of supervised probation, followed by three years of unsupervised probation. Ealy appeals from his conviction.
 {¶ 2} The charges against Ealy arose from events that occurred at Dayton City Commission meetings on August 27 and September 3, 2003. The city's evidence established that, at these meetings, Ealy had repeatedly used a racially offensive term in addressing the commission, even after he had been asked to stop, had refused to yield the floor when his allotted time for comment had expired, and had caused a ruckus when he had been escorted from the meeting room because of his disruptive conduct. At the September 3 meeting, the room had to be cleared before the meeting could resume because of fears that an altercation might be imminent.
 {¶ 3} These matters were set for trial on February 25, 2004. On February 20, Ealy's second appointed attorney moved to withdraw as trial counsel. On February 23, the trial court permitted the attorney to withdraw as counsel but appointed him to serve as Ealy's legal advisor. Although the attorney's motion to withdraw asserted that Ealy wanted to represent himself, it is not apparent from the record whether Ealy was aware of the attorney's motion to withdraw before the morning of trial — Ealy had not been served with the motion to withdraw — or of the fact that the trial court had granted the motion and made the attorney a "legal advisor." On the morning of February 25, Ealy fired his legal advisor and moved for a continuance because he was not represented by counsel. The case nonetheless proceeded to trial on February 25 because the jury had been called and Ealy was unwilling to consider a plea. The court also apparently believed that Ealy had acquiesced in his attorney's withdrawal. Thus, Ealy represented himself at trial.
 {¶ 4} On the second day of trial, a non-attorney advisor to Ealy who had been taking notes on his behalf was excluded from the courtroom because he had been "ordered to stay out of the building by another court in an unrelated matter." Ealy quarreled with the court about this and other evidentiary matters as he spoke in front of the jury about the alleged denial of his rights to counsel and to call witnesses on his behalf. Ealy then refused to proceed and left the courtroom despite repeated warnings from the judge that the case would proceed without him and that it would not be in his best interest to leave in the midst of the trial.
 {¶ 5} The jury found Ealy guilty, as described supra, and the trial court sentenced him accordingly.
 {¶ 6} Ealy raises two assignments of error on appeal.
 {¶ 7} I. "THE TRIAL COURT'S CONVICTION OF THE DEFENDANT-APPELLANT WITHOUT ASSISTANCE OF COUNSEL VIOLATED THE DEFENDANT-APPELLANT'S RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS OF THE CONSTITUTION OF THE UNITED STATES."
 {¶ 8} Ealy claims that the trial court erred in permitting appointed counsel to withdraw shortly before the trial without a showing of good cause or of a complete breakdown of communication between attorney and client. He claims that the withdrawal deprived him of a fair trial.
 {¶ 9} The Sixth Amendment guarantees criminal defendants the right to representation by counsel. A criminal defendant's Sixth Amendment right to counsel does not extend to a right to counsel of the defendant's choice, nor does it include a right to a meaningful or peaceful relationship between counsel and defendant. Thurston v. Maxwell (1965), 3 Ohio St.2d 92, 93,209 N.E.2d 204; State v. Blankenship (1995), 102 Ohio App.3d 534,558, 657 N.E.2d 559, citing Morris v. Slappy (1983),461 U.S. 1, 103 S.Ct. 1610, 75 L.Ed.2d 610. See, also, State v. Adair,
Montgomery App. Nos. 20606, 20607, 20608, 2005-Ohio-2858, ¶ 4. However, a criminal defendant may discharge a court-appointed attorney when the defendant can demonstrate a break-down in the attorney-client relationship or an irreconcilable conflict to such a degree as to endanger the defendant's right to effective assistance of counsel. Adair, supra; State v. McCoy, Greene App. No. 2003-CA-27, 2004-Ohio-266.
 {¶ 10} The fundamental right to the assistance of counsel necessarily includes the right of self-representation. State v.Haines, Franklin App. No. 05AP-55, 2005-Ohio-5707, ¶ 23, citingFaretta v. California (1975), 422 U.S. 806, 95 S.Ct. 2525,45 L.Ed.2d 562. However, courts are to indulge in every reasonable presumption against the waiver of a fundamental constitutional right, including the right to be represented by counsel. Statev. Dyer (1996), 117 Ohio App.3d 92, 95, 689 N.E.2d 1034. If a defendant elects to proceed without an attorney, he must waive the right to counsel in court after the court has made a sufficient inquiry to determine that he fully understands and intelligently relinquishes his right to counsel. Crim.R. 44(C),State v. Martin, 103 Ohio St.3d 385, 392, 2004-Ohio-5471,816 N.E.2d 227.
 {¶ 11} Ealy's argument suggests that he had no notice of his attorney's intent to withdraw from the case, had no input into that decision, and was left unprepared for trial as a result. The city contends that counsel withdrew at Ealy's request, that Ealy did not demonstrate a breakdown in his relationship with the attorney that would have entitled him to a different attorney, and that he did not ask for another attorney. At oral argument, the city also suggested that Ealy's interference with his attorney's representation by filing his own motions evinced his desire to represent himself.
 {¶ 12} Whatever discussions that took place in the trial court regarding the withdrawal of Ealy's second attorney in the days before trial, Ealy's apparent termination of the attorney in his new role as "legal advisor" on the morning of trial, and Ealy's alleged statements of a desire to represent himself were not made a part of the record in this case. The morning of trial, the court merely stated on the record: "The defendant is representing himself in these matters. Having terminated his legal advisor * * * this morning of the trial[,] the court is ready to proceed with jury selection." The attorney's motion to withdraw indicated that he was doing so at Ealy's request, but Ealy never confirmed this desire on the record. Further, while Ealy refers to having fired his attorney, his reasons for doing so are undeveloped on the record.
 {¶ 13} The supreme court has held that a trial court must explain "the nature of the charges, the statutory offenses included within them, the range of allowable punishments, possible defenses, mitigation, and other facts essential to a broad understanding of the whole matter" in order for a waiver of the right to counsel to be knowingly and intelligently entered.Martin, 103 Ohio St.3d at 393. See, also, State v. Cline,
Champaign App. No. 2002-CA-5, 2005-Ohio-5779. Although Ealy may have played a significant role in creating the circumstances whereby he was unrepresented by an attorney on the morning of trial, we cannot ascertain from the record whether he had, in fact, expressed a desire to represent himself and, if so, whether the trial court adequately fulfilled its responsibility to ensure that Ealy's waiver of counsel was knowingly and intelligently made. Because the record is silent on these issues, we likewise cannot definitively conclude that the trial court did not abuse its discretion in refusing to grant Ealy's request for a continuance on the morning of trial.
 {¶ 14} Insofar as courts are to indulge in every reasonable presumption against the waiver of a fundamental constitutional right, including the right to be represented by counsel, we must conclude on this record that the trial court did not adequately fulfill its role to inquire into Ealy's alleged desire to represent himself and to fully inform him of the consequences of such a decision. See Dyer, 117 Ohio App.3d at 95.
 {¶ 15} The first assignment of error is sustained.
 {¶ 16} II. "THE TRIAL COURT COMMITTED ACTS OF JUDICIAL MISCONDUCT THAT PREJUDICED DEFENDANT-APPELLANT'S RIGHT TO DUE PROCESS OF LAW AND A FAIR TRIAL."
 {¶ 17} Ealy alleges that the trial court made comments in front of the jury that were improper and prejudicial. These comments generally related to the fact that Ealy had "elected" to represent himself and to the negative consequences of his decision to leave the courtroom before the trial had concluded. This assignment is rendered moot by our disposition of the first assignment of error, and we will not address it, pursuant to App.R. 12(A)(1)(c).
 {¶ 18} The judgment of the trial court will be reversed, and the matter will be remanded for further proceedings.
Grady, P.J. and Brogan, J., concur.