[Cite as *State v. Shepherd*, 2013-Ohio-4912.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99503**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ELIJAH SHEPHERD

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-550339

**BEFORE:** Keough, J., S. Gallagher, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** November 7, 2013

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Public Defender
By: Jeffrey M. Gamso
Asst. Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: James M. Price
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendant-appellant, Elijah Shepherd, appeals from the trial court's resentencing. Finding no merit to the appeal, we affirm.

{¶2} In 2011, Shepherd was charged with two counts of felonious assault, both containing one- and three-year firearm specifications, and one count of having a weapon while under disability. The matter proceeded to trial, where Shepherd was found guilty of all counts, including the firearm specifications. At sentencing, the trial court merged the felonious assault counts and sentenced Shepherd to seven years for felonious assault. The court also found that the one- and three-year firearm specifications merged; and thus sentenced him to the mandatory three years. Finally, the court sentenced Shepherd to three years for having a weapon while under disability. The trial court ordered all sentences to be served consecutively for a total aggregate prison term of 13 years.

{¶3} Shepherd appealed his convictions and sentence to this court in *State v. Shepherd*, 8th Dist. Cuyahoga No. 97962, 2012-Ohio-5415. This court affirmed his convictions, but concluded that the trial court failed to make the necessary findings pursuant to R.C. 2929.14(C)(4) prior to imposing consecutive sentences. *Id*. at ¶ 87 and 89. Accordingly, this court vacated the consecutive sentences and postrelease control portions of Shepherd's sentence and remanded the case for a new sentencing hearing on those vacated portions. *Id*. at ¶ 89.

{¶4} At resentencing and after making the appropriate findings, the trial court imposed the same aggregate sentence of 13 years — seven years for felonious assault, three years for the firearm specification, and three years for having a weapon while under disability. Shepherd again appeals his sentence.

{¶5} In his first assignment of error, Shepherd contends that the trial court erred when it sua sponte elected to proceed to sentence him on the three-year firearm specification. Shepherd argues that the state was required to elect which specification the court should sentence on; the trial court was not authorized to unilaterally choose.

{¶6} Shepherd was found guilty of felonious assault with firearm specifications that carry both one- and three-year *mandatory* prison sentences. Accordingly, the trial court was required pursuant to R.C. 2929.14(B)(1)(a)(ii) to impose the mandatory penalty of three years. There was no discretion, and the state was not even in a position to elect which specification to proceed with sentencing on. The mandatory three-year sentence necessarily subsumes the mandatory one-year sentence. *See* R.C. 2929.14(B)(1)(b).

{¶7} Accordingly, we find no merit to Shepherd's first assignment of error.

{¶8} In his second assignment of error, Shepherd contends that having a weapon while under disability is an allied offense of similar import to a firearm specification. This argument has been considered and consistently rejected by this court. *See State v. Whittsette*, 8th Dist. Cuyahoga No. 70091, 1997 Ohio App. LEXIS 500, *6 (Feb. 13, 1997), citing *State v. Blankenship*, 102 Ohio App.3d 534, 547, 657 N.E.2d 559 (12th Dist.1995); *State v. Williams*, 8th Dist. Cuyahoga No. 81949, 2003-Ohio-3950, ¶ 19-21,

*appeal not allowed*, *State v. Williams*, 100 Ohio St.3d 1509, 2003-Ohio-6161, 799 N.E.2d 187; *State v. Majid*, 8th Dist. Cuyahoga No. 96855, 2012-Ohio-1192.

{¶9} Accordingly, Shepherd's second assignment of error is overruled.

{¶10} In his third assignment of error, Shepherd argues that counsel was ineffective for failing to object to the trial court's sua sponte election of which firearm specification he should be sentenced on and for failing to request that the firearm specification and weapon under disability charge should merge. Shepherd's claim for ineffective assistance of counsel, which is premised on his previously rejected assignments of error, must equally fail. The third assignment of error is overruled.

{¶11} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

SEAN C. GALLAGHER, P.J., and
MARY EILEEN KILBANE, J., CONCUR