THURSTON *v.* MAXWELL, WARDEN.

[Cite as Thurston v. Maxwell, Warden, 3 Ohio St. 2d 92.]

(No. 39383—Decided July 7, 1965.)

*Mr. Walter Thurston, in propria persona.*

*Mr. William B. Saxbe,* attorney general, and *Mr. William C. Baird,* for respondent.

*Per Curiam.* In this action, petitioner alleges that he is entitled to release because there was an unnecessary delay between the time of arrest and the time of being taken before a magistrate, that his codefendants were pressured into making confessions which were used at the trial, and that he was denied his right to counsel.

Petitioner's argument in relation to denial of counsel arises from the following facts: Shortly after his arrest and prior to preliminary hearing, counsel was retained by petitioner. Such counsel waived preliminary hearing, and petitioner was bound over and indicted by the grand jury. He pleaded not guilty at his arraignment, and the case was set for trial on May 26. On May 23, petitioner dismissed his counsel. On May 25, petitioner appeared before the court with such counsel, informed the court of the dismissal and requested a continuance because new coun-

sel was being obtained for him in Columbus. It appears that this new counsel was not to come to see petitioner until the following weekend. The court refused the continuance and over the objection of petitioner appointed petitioner's former counsel to represent him and to co-operate with petitioner's new counsel. Apparently petitioner's new counsel never appeared.

Petitioner makes no contention that the counsel who represented him was incompetent. He contends that the court denied him his constitutional rights by appointing as his counsel the attorney petitioner had previously dismissed. He contends that for personal reasons his counsel did not want to try the case, and that his attorney told him he could not win the case before a jury and urged petitioner to plead guilty. For these reasons he had dismissed him.

The right of an accused to select his own counsel is inherent only in those cases wherein such accused is employing the counsel himself. The right to have counsel assigned by the court does not impose a duty on the court to allow the accused to choose his own counsel; the selection is within the discretion of the court. 23 Corpus Juris Secundum 962, Criminal Law, Section 982(5).

In the instant situation, one day before the case was scheduled to go to trial petitioner informed the court that he had dismissed his counsel and allegedly was obtaining new counsel to represent him. Such counsel was not present, and actually petitioner did not expect to see him until the following weekend. It would seem that under such circumstances it was within the discretion of the court whether a continuance should be granted. Having refused the continuance, the court properly preserved petitioner's rights by appointing counsel and made the logical choice of appointing the attorney most familiar with the case to represent petitioner. *McCann* v. *Maxwell, Warden*, 174 Ohio St. 282.

The action of the trial court in appointing petitioner's former counsel to represent petitioner did not deny him his constitutional right to counsel.

Petitioner urges that an undue delay occurred between the time of his arrest and the time when he was taken before a

magistrate. Petitioner makes no contention that he made any incriminating statements during this period; in fact, he testified that he made no statement at all. There is nothing to show that anything occurred during this period which actually prejudiced him.

Petitioner alleged also that his codefendants were pressured into confessing to the crime and that their statements were used at the trial. The three codefendants were tried jointly; petitioner was the only one of the three who testified. Petitioner had no direct knowledge of how this alleged pressure was exerted. His statement at the hearing was that his codefendants were more or less pressured into confessing. Petitioner has not established that such confessions were, as he states it, pressured. Although petitioner alleged that these statements were introduced into evidence, his testimony at the hearing did not substantiate this fact. It developed at the hearing that the statements were not introduced into evidence but that a sheriff in testifying referred to parts of them. These statements were admissible against the persons who made them and were admissible even though the defendants were tried jointly. *State* v. *Fox*, 133 Ohio St. 154. If petitioner had desired, he had the right to request that the effect of the statements be limited to his codefendants and there is nothing before us to show that this was not done. Petitioner, being aware of such statements, could have requested a separate trial. *State* v. *Rosen*, 151 Ohio St. 339. There is nothing to indicate such motion was made.

Petitioner has shown no prejudice to himself in this respect.

*Petitioner remanded to custody.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.