Defendant-appellant, Raymond A. Wheeling, Jr., appeals the judgment of conviction entered by a Clinton County Court of Common Pleas finding him guilty of one count of burglary and one count of theft. We affirm.
Appellant was indicted on June 16, 1997 on one count of burglary in violation of R.C. 2911.12(A)(2) and one count of theft in violation of R.C. 2913.02(A)(1). The trial was set for August 15, 1997 and because appellant was found to be indigent, an attorney from the public defender's office was appointed to represent him. On July 29, 1997, appellant wrote a letter to the court requesting that a different attorney from the public defender's office be appointed. Appellant indicated that there was a lack of communication between himself and the appointed counsel, stating:
 I have only saw [sic] [appointed counsel] approximately 3 times in these past 8 weeks. I realize that Public Defenders are very busy, but I sincerely feel that [appointed counsel] does not have my best interests at heart. I am not comfortable nor am I satisfied with her defense of my case.
The trial court did not respond to appellant's request before trial, which began on August 15, 1997. At the outset of the proceedings, at appellant's request, the appointed counsel requested permission to withdraw from the case, stating "my client tells me he has no confidence in my ability to try the case for his advantage. He just does not feel that I would be able to do a good job for him." The court asked appellant if this was a correct statement, to which appellant responded in the affirmative.
The court denied appointed counsel's request to withdraw noting:
 The court is very knowledgeable with your counsel's reputation and her performance in this court. In fact, the last two cases she's tried in this court she has won. I feel that she is an extremely competent counsel. The court's only obligation is to appoint competent counsel to represent you, so this case will be proceeding to trial.
After a short break in the proceedings, the court recognized that appellant had written a letter to the court two weeks earlier requesting that a different attorney from the public defender's office be appointed. The court instructed appellant that "the court does not interfere in the assignment of counsel through that office." The court then asked appointed counsel if she was prepared to go to trial despite appellant's feelings. The appointed counselor responded "[Y]our Honor, I've done my best to fully prepare myself for this case. I have tried to review all information that he's given me. Yes, I'm prepared for trial."
Based on that exchange, the court ordered the trial to proceed and appellant was subsequently found guilty of one count of burglary and one count of theft. On appeal, appellant argues in a sole assignment of error that the trial court erred in denying his request for alternative appointed counsel.
"The right of an accused to select his own counsel is inherent only in those cases wherein such accused is employing the counsel himself. The right to have counsel assigned by the court does not impose a duty on the court to allow the accused to choose his own counsel; the selection is within the discretion of the court." Thurston v. Maxwell (1965), 3 Ohio St.2d 92, 93. The right to competent counsel does not require that a criminal defendant develop and share a "meaningful relationship" with his attorney. Morris v. Slappy (1983), 461 U.S. 1, 13, 103 S.Ct. 1610, 1617. Rather, an indigent defendant is entitled to the appointment of substitute counsel only upon a showing of good cause, such as an actual conflict of interest, a complete breakdown in communication, or an irreconcilable conflict which leads to an apparently unjust result. State v. Pruitt (1984), 18 Ohio App.3d 50,57. The term "actual conflict" refers not to a personality conflict, but to a conflict of interest. Strickland v. Washington (1984), 466 U.S. 668, 692, 104 S.Ct. 2052, 2067.
Furthermore, to discharge a court-appointed attorney, the defendant must show "a breakdown in the attorney-client relationship of such magnitude as to jeopardize the defendant's right to effective assistance of counsel." State v. Coleman (1988), 37 Ohio St.3d 286, paragraph four of the syllabus. Once the request has been made and before it will be granted, the person making the motion must establish that the person and the attorney have no communication, cooperation or trust. State v. Pruitt (1984) 18 Ohio App.3d 50.
We have reviewed the record in the instant case and find that pursuant to Thurston v. Maxwell, the court was well within its discretion to deny appellant's request to choose his appointed counsel. The court clearly found that appointed counsel was a competent attorney and that she was sufficiently prepared to represent appellant. Furthermore, the record contains no evidence that there was a breakdown in communication between appellant and appointed counsel. Appellant has presented no evidence of a breakdown in communication other than his assertions that he only met with his appointed counsel three times in eight weeks. Appellant has failed to show that there was a "breakdown in the attorney-client relationship of such magnitude as to jeopardize the defendant's right to effective assistance of counsel." State v. Coleman, 37 Ohio St.3d at 292.
Accordingly, we find no abuse of discretion by the trial court in overruling appellant's motion for appointment of new counsel. Appellant's assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.