OPINION
Defendant-appellant Shawn Pethel appeals from his conviction of trafficking in marijuana which was entered in the Belmont County Common Pleas Court after a jury trial. For the following reasons, appellant's conviction is affirmed.
 STATEMENT OF FACTS
In April 1997, LeDon Gaither was arrested in Wheeling, West Virginia for selling crack cocaine. In search of leniency, he volunteered to work as a confidential informant for the Ohio Valley Drug Task Force in West Virginia. The informant arranged to purchase marijuana from appellant on June 18, 1997, on which day the informant went to the Wheeling Police Department and used a detective's cellular phone to page appellant. Appellant called back and instructed the informant to meet him on Wheeling Island. Police officers searched the informant's person and car, installed a transmitter, and gave the informant $400 in marked money. The informant drove to the island followed by police officers. Shortly thereafter, he spotted appellant's vehicle which was occupied by appellant and his two friends.
Appellant exited his car which his friends then drove away and entered the informant's car. Appellant told the informant to drive to a hotel called the Knight's Inn in St. Clairsville, Ohio. As they drove to the hotel, the police followed. Upon arriving, appellant entered a hotel room and came out with three one-ounce bags of marijuana which he sold to the informant for $360. The informant promptly left the hotel and was pulled over by a member of the Drug Task Force who retrieved the three bags of marijuana from the informant.
Meanwhile, appellant left the hotel with the two friends who had driven his car from the island, one of whom was a juvenile. Members of the Drug Task Force followed appellant's car until a local marked police car could arrive to make a traffic stop. Upon stopping appellant's vehicle, the arresting officer noticed a strong smell of marijuana. Two cigar butts containing marijuana were in the car's ashtray. A search of the vehicle revealed a bag of marijuana behind the rear passenger seat. Also, appellant had a hotel key and $360 in marked money on him.
After arresting appellant, the officers obtained a search warrant for the hotel room which was rented under appellant's name. During this search, officers found a locked gym bag containing approximately five ounces of marijuana separated in bags, a scale, a box of baggies, and a safe containing about $2,700. In July 1997, appellant was indicted for trafficking in marijuana in the vicinity of a juvenile in violation of R.C.2925.03(A). The indictment contained forfeiture specifications for the car involved and the money seized.
Appellant received court-appointed counsel. On February 9, 1998, three days before trial, appellant's counsel filed a motion to withdraw. The motion stated that appellant had discharged his counsel as he was not confident in counsel's abilities or recommendations. The court held a hearing on the motion where appellant testified that he wanted his attorney to file a notice of intent to use an entrapment defense. He complained that his attorney was more interested in a plea bargain. Appellant stated that his attorney had not summoned witnesses but admitted that he failed to give addresses of witnesses to his attorney. The court overruled the motion to withdraw and granted a continuance.
The case proceeded to trial on May 14 and 15, 1998, and appellant presented his entrapment defense. The jury convicted appellant of trafficking marijuana, a fifth-degree felony, but found that the offense was not committed in the vicinity of a juvenile. After appellant was sentenced, he filed timely notice of appeal.
 ASSIGNMENT OF ERROR NUMBER ONE
Appellant advances three assignments of error, the first of which alleges:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT AND COMMITTED AN ABUSE OF DISCRETION BY DENYING THE MOTION TO WITHDRAW FILED BY THE DEFENDANT-APPELLANT'S TRIAL COUNSEL AND, THEREFORE, DENIED THE DEFENDANT-APPELLANT HIS RIGHT OF DUE PROCESS AND EQUAL PROTECTION UNDER THE LAW."
A defendant with court-appointed counsel may move for replacement counsel if he fears that his constitutional right to competent and effective representation is in jeopardy. State v.McNeill (1998), 83 Ohio St.3d 438, 452. However, there is no right to a "meaningful attorney-client relationship." Morris v.Slappy (1983), 461 U.S. 1, 13-14. Upon a defendant's complaint about counsel, the court must adequately inquire into the problem on the record. State v. Deal (1969), 17 Ohio St.2d 17, 19. Counsel shall be replaced if the defendant establishes "a breakdown in the attorney-client relationship of such magnitude as to jeopardize the defendant's right to effective assistance of counsel." State v. Coleman (1988), 37 Ohio St.3d 286, 292. Mere personality conflicts or disputes regarding trial strategy are insufficient to demonstrate a breakdown of adequate magnitude.State v. New (June 20, 1995), Franklin App. No. 94AP10-1547, unreported, 4. It is within the trial court's sound discretion to determine whether the requisite breakdown has occurred. McNeill,supra at 452. See, also, Thurston v. Maxwell (1965), 3 Ohio St.2d 92,93.
A review of the transcript of the hearing on the motion to withdraw indicates that court-appointed counsel made the motion because appellant did not want counsel to represent him. Upon being questioned by the court, appellant stated that his attorney wanted him to plead guilty. Appellant contended, "He hasn't filed any motion or — and wasn't even prepared for the trial." Specifically, appellant wanted his attorney to file notice of intent to use the affirmative defense of entrapment. The court informed appellant that such a notice is not required and that if appellant put on evidence of entrapment, then the jury would be instructed on the defense. The court then granted a continuance.
Appellant also complained to the court that "[n]o one was summoned to appear to court on my behalf." However, appellant admitted that he did not give his attorney the addresses of the people whom he wished to call in his defense. Moreover, of the six potential witnesses that appellant named to the court, he had only informed his attorney about four of these witnesses and did not know one of the witnesses last names. At trial, three of the witnesses testified in his defense. Two others not mentioned to the court also testified for appellant, as did appellant himself.
Applying the law to the facts of this case, the trial court did not abuse its discretion in overruling the motion to withdraw. The evidence does not show a breakdown in the attorney-client relationship of such a magnitude as to jeopardize appellant's right to effective assistance of trial counsel. Appellant's dissatisfaction appears to stem from a disagreement on trial tactics and strategy. Thus, the court was not obligated to appoint new counsel. This is especially true since the trial court gave appellant and counsel sufficient additional time to prepare for trial. See our analysis under appellant's third assignment of error where we discuss how appellant's trial counsel rendered effective assistance of counsel. Accordingly, this assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER TWO
Appellant's second assignment of error contends:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT AND COMMITTED AN ABUSE OF DISCRETION WHEN IT DID NOT ALLOW DEFENSE COUNSEL TO CONDUCT CROSS-EXAMINATION OF THE CONFIDENTIAL INFORMANT REGARDING ISSUES THE PLAINTIFF-APPELLEE HAD RAISED ON DIRECT EXAMINATION CONCERNING THE CONFIDENTIAL INFORMANT'S RECORD AND PRIOR TROUBLE."
The trial court held that, pursuant to Evid.R. 609(A)(1), appellant could attack the informant's credibility with evidence that the informant had been convicted of a felony. Thus, appellant's counsel questioned the informant about prior felonies. Pursuant to this questioning, the jury heard that the informant had been convicted of trafficking in heroin in 1996.
The court also stated that the informant's credibility could be attacked by evidence of prior misdemeanor convictions that reflect on the informant's character for dishonesty pursuant to Evid.R. 609(A)(3). The informant denied that he had ever been convicted of a crime of dishonesty and appellant's counsel presented no evidence to the contrary.
On cross-examination of the informant, appellant's counsel attempted to question the informant about prior arrests. The state objected and the court sustained the objection. In accordance with Evid.R. 608(B), the court stated that the informant could be questioned concerning his prior arrests or other specific instances of conduct only if they were clearly probative of his character for untruthfulness. Appellant's counsel knew of no prior arrest or specific instances of conduct that dealt with untruthfulness. However, he proffered evidence regarding the informant's criminal arrest record and argued that the state opened the door for questioning on all prior arrests when it asked the informant if he had ever been arrested or been in trouble in West Virginia.
The state aptly pointed out that when read in context it is evident that the state was merely attempting to demonstrate how and why LeDon Gaither became a confidential informant. The facts leading up to the informant's involvement with authorities would have been admissible if offered by appellant to show the informant's motive and bias. See, e.g., State v. Ferguson (1983),5 Ohio St.3d 160; State v. Rapp (1990), 67 Ohio App.3d 33
(holding that the motives of the parties are important aspects of a case involving the entrapment defense). See, also, Evid.R. 616. Thus, there was no harm in the state setting forth such information before appellant had the chance to do so. The court properly disallowed appellant's questioning about prior arrests that did not result in convictions and that did not implicate the informant's character for untruthfulness. Evid.R. 608(B) and 609. Accordingly, this assignment of error is without merit.
 ASSIGNMENT OF ERROR NUMBER THREE
Appellant's third assignment of error reads:
 "THE DEFENDANT-APPELLANT WAS DEPRIVED OF HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS, DUE TO THE CONFLICT WITH HIS TRIAL COUNSEL."
In order to prevail on a claim of ineffective assistance of counsel the defendant has the burden of proving two things: (1) that defense counsel's performance was deficient and (2) that said deficient performance prejudiced the defense. State v.Reynolds (1998), 80 Ohio St.3d 670, 674, citing Strickland v.Washington (1984), 466 U.S. 668, 687. Counsel's performance is deficient if it falls below an objective standard of reasonableness. Id. The defendant must produce evidence that counsel acted unreasonably by substantially violating an essential duty that an attorney owes to a client. State v. Sallie
(1998), 81 Ohio St.3d 673, 674; State v. Keith (1997), 79 Ohio St.3d 514,534. Because attorneys are presumed competent, reviewing courts refrain from second-guessing strategical decisions and strongly presume that the performance in question falls within a wide range of reasonable legal assistance. Statev. Carter (1995), 72 Ohio St.3d 545, 558.
Upon demonstrating counsel's deficient performance, the defendant then has the burden to establish prejudice to the defense as a result of counsel's deficiency. Reynolds, supra at 674. The reviewing court looks at the totality of the circumstances and decides if there exists a reasonable probability that, were it not for serious errors made, the outcome of the trial would have been different. Strickland, supra
at 695-696. A reasonable probability is one that undermines a reviewing court's confidence in the outcome of the trial. Id.
See, also, State v. Bellish (Mar. 31, 1998), Mahoning App. No. 87-CA-78, unreported, 4.
First, appellant alleges that counsel rendered ineffective assistance by failing to file a motion to suppress the confidential informant's testimony. Appellant believes that the testimony was inadmissible because Section 201(c)(2), Title 18, U.S. Code, the federal illegal gratuity statute, provides that witnesses shall not be promised anything of value in exchange for their testimony. Appellant posits that the police officers' promise to ask the prosecutor for leniency regarding the informant's arrest for selling crack cocaine is an example of the state giving a witness something of value in exchange for their testimony. However, the federal circuit within which Ohio lies has held that Section 201(c)(2) does not preclude prosecutors from offering leniency in exchange for truthful testimony. UnitedStates v. Ware (C.A. 6, 1998), 161 F.3d 414, 418. Since the aforementioned federal statute was not a ground for excluding the informant's testimony, appellant's counsel did not err by failing to seek suppression of the testimony on this basis.
Next, appellant complains that counsel failed to object to the admission of the evidence which the police discovered in appellant's hotel room. Appellant contends that the five ounces of marijuana, the baggies, the scale, the safe, and the money constituted evidence with a prejudicial impact that substantially outweighed its probative value. Pursuant to Evid.R. 403(A), evidence must be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. The probative value of the evidence found in appellant's hotel room was strong; it assisted in showing predisposition in rebuttal of appellant's entrapment defense. Moreover, the effect of the evidence was not unfairly prejudicial. Appellant admitted that he sold at least three ounces and was prepared to sell eight ounces of marijuana to the informant. Thus, the evidence was admissible. As a result, if counsel had objected, there is no indication that the objection would have been granted making the result of the trial different. In accordance, counsel's failure to object was not ineffective assistance of counsel.
Lastly, appellant argues that his attorney was not prepared to present an entrapment defense. He claims that his attorney should have collected records from the telephone company to show that the informant called him many times before the drug sale. We must first point out that it is possible that phone records would not have demonstrated that the informant called appellant an inordinate amount of times. Appellant's counsel cross-examined the informant on the amount of times that he called appellant. Furthermore, counsel questioned appellant, his mother, and another witness about how many times they answered the phone when the informant called for appellant. This questioning was advanced to suggest that the informant's persistence overbore appellant's resistance. Appellant admitted that he smoked marijuana but claimed that he never sold it before this incident. He stated that he knew someone who grew marijuana. He also testified that he only sold it so that the informant would leave him alone.
However, the informant testified that he met appellant when appellant sold marijuana to the informant's cousins. Even if the informant had called appellant a multitude of times, if the jury believed that the informant had witnessed appellant selling marijuana in the past, then his entrapment defense would wilt.State v. Doran (1983), 5 Ohio St.3d 187, 192 (holding that factors used to rebut the entrapment defense include previous involvement in the crime charged, ready access to drugs, expert knowledge and an appearance of willingness to commit the crime). The jury appears to have believed that the informant asked appellant to sell him marijuana and that appellant fairly readily complied. Credibility is primarily an issue for the jury. Statev. DeHass (1967), 10 Ohio St.2d 230, 231. Thus, we fail to see outcome determinative deficient performance by counsel in the presentation of appellant's entrapment defense. This assignment of error is overruled.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Cox, P. J. dissents; see dissenting opinion.
Waite, J., concurs.
APPROVED:
 _______________________________ JOSEPH J. VUKOVICH, JUDGE