OPINION
A non-uniformed Cincinnati police officer, occupying an unmarked automobile, saw a pickup truck occupied by two individuals stop at the side of a public street during the early morning of April 18, 1999. The officer saw the defendant-appellant, Donnell Tyrone Poole, enter the truck and sit in the passenger compartment. According to the officer, the area was one in which he conducted routine patrols because of the high incidence of illicit drug activity and prostitution, and, therefore, he followed the truck for a short distance until it stopped on a dimly lit side street. From a distance of some five car lengths, the officer saw the three occupants igniting, repeatedly, some sort of substance with the use of a cigarette lighter. The burning substance was passed back and forth among the three. The officer called for assistance of uniformed officers to stop the truck as it moved away toward its original location. When that stop was made, the truck was being driven by Mark Bamforth. Seated next to Bamforth was Gary Price. Seated on the far side of the passenger seat was Poole, who was the first occupant to exit from the vehicle.
Bamforth gave the officers consent to search the truck, and a white substance, ultimately stipulated to be crack cocaine, was found on the passenger seat between the places at which Price and Poole had been seated, and a crack cocaine pipe was also recovered. Bamforth, Price and Poole were placed under arrest and, ultimately, were jointly indicted for possession of cocaine pursuant to R.C. 2925.11(A), a felony of the fifth degree.
Poole's two-day trial to a jury commenced on July 27, 1999. Price, as a witness for the prosecution, testified that Bamforth and Poole had smoked cocaine in the truck, but that he, Price, had not, although he had pleaded guilty to the charge of possession of cocaine as charged in the indictment. On July 28, 1999, the jury found Poole guilty, and he was sentenced immediately to a twelve-month prison term, with credit for one hundred days served.
In this appeal, Poole is represented by counsel other than his trial counsel. The first of Poole's two assignments of error is this:
 The trial court erred to the prejudice of the defendant-appellant in that it denied his motion to have different counsel appointed.
On July 12, 1999, a date some two weeks prior to his trial, Poole filed pro se a "Motion to Withdraw Counsel," including a "Memorandum in Support," in which he submitted that "him and present counsel have irreversible differences [sic]." Poole added that he and his "present counsel" could not "agree in harmony on matters involving" his case and that he "fe[lt] uncomfortable" with his counsel and did "not feel" he was being fully represented. Poole sought new counsel "pursuant to section120.33 of the O.R.C." and submitted the names of three local attorneys, presumably as candidates for appointment to represent him. Notably, the "proof of service" certification below Poole's signature was left blank.
The gist of the first assignment is that the court was required to inquire into the merits of Poole's motion before proceeding to trial with Poole's trial counsel, a public defender. It is, upon the record, cryptic whether Poole's trial counsel was aware of Poole's motion to have her withdrawn or whether the prosecutor, in the absence of a certification that he had been served, knew of its pendency. What is clear is that Poole's motion was in the correctly numbered file in the case subjudice, and that there is no reference to it in any other part of the record. Resultantly, Poole argues that, although he did not have an absolute right to the counsel of his choice, the court had "an affirmative obligation" to provide him trial counsel under theSixth and Fourteenth Amendments to the United States Constitution and Section 10, Article 1, of the Ohio Constitution.
In general, Poole is correct in his contention that the court was chargeable with notice of his motion, because it was properly within the papers before the court. However, its allegations of lack of harmony with trial counsel and feelings of discomfort lack specificity to the degree that there was a burden upon Poole to provide the court with tenable grounds upon which to premise the replacement of his public defender by, for instance, an affidavit or by proffering evidence in another form, before commencement of trial. It is within reason to say that Poole's trial counsel was silent on the subject, because she had no notice of the motion. But Poole remained silent himself and went forward without protest.
The record in its entirety persuades us that the first assignment is without merit, because Poole's motion was either overruled sub silentio or was waived by Poole himself. We are guided in our conclusion by the holding of the Court of Appeals for Butler County in State v. Blankenship (1995), 102 Ohio App.3d 534,557, 657 N.E.2d 559, 574, discretionary appeal not allowed (1995), 73 Ohio St.3d 1426, 652 N.E.2d 799:
An indigent defendant has a right to competent counsel, not a right to counsel of his own choosing. Thurston v. Maxwell (1965),3 Ohio St.2d 92, 93, * * * 209 N.E.2d 204, 205-206. The right to competent counsel does not require that a criminal defendant develop and share a "meaningful relationship" with his attorney.Morris v. Slappy (1983), 461 U.S. 1, 13, 103 S.Ct. 16110, 1617 * * * Rather, an indigent defendant is entitled to the appointment of substitute counsel only upon a showing of good cause, such as a conflict of interest, a complete breakdown in communication, or an irreconcilable conflict which leads to an apparently unjust result. State v. Pruitt (1984), 18 Ohio App.3d 50,57, 480 N.E.2d 499, 507-508.
Similarly, in State v. Coleman (1988), 37 Ohio St.3d 286, 292,525 N.E.2d 792, 798, Justice Wright wrote the following for the whole court:
 To discharge a court-appointed attorney, the defendant must show "`a breakdown in the attorney-client relationship of such magnitude as to jeopardize the defendant's right to effective assistance of counsel.'" People v. Robles (1970), 2 Cal.3d 205, 215, 85 Cal.Rptr. 166, 173, 466 P.2d 710, 717.
As in Coleman, Poole failed to establish affirmatively that such a breakdown occurred, and the record does not suggest, much less demonstrate, that his trial counsel failed to provide him effective assistance. See Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373. The trial court thus cannot be said to have abused its discretion in rejecting Poole's motion to compel counsel's withdrawal. Therefore, the first assignment is overruled.
The second assignment is this:
 The trial court erred to the prejudice of the defendant-appellant in that it imposed upon him the maximum sentence of twelve (12) months.
As Poole concedes in his brief, the twelve-month sentence he received is one provided for by R.C. 2925.11(A); therefore, the sentence is not facially unlawful. Our review, then, is de novo and involves a threefold analysis. See State v.Richmond (Mar. 13, 1998), Hamilton App. No. C-970518, unreported. The core of the question is whether the trial court complied with the purposes and principles of sentencing under R.C. 2929.11,2929.12 and 2929.13(B) and (C).
When imposing sentence, the court considered, interalia, an existing report of a presentence investigation, which had been received as an exhibit. The court reached these conclusions, some of which must have been derived from the history of Poole's criminal behavior: Recidivism was likely under the terms of R.C.2929.12(D); Poole was under court control when the instant offense was committed; and Poole had a variety of prior convictions and unsuccessful probations and paroles and had a documented pattern of substance abuse. In light of those facts, none of which were controverted by Poole during his allocution, in which he sought treatment rather than confinement, we are convinced that the court did not err in holding that Poole's persistent infractions warranted the finding that he had committed one of the worst forms of the offense charged in the indictment and that there existed the greatest likelihood of recidivism. Therefore, the second assignment is overruled.
The judgment of the trial court is affirmed.
Judgment affirmed.
 ______________________________ SHANNON, Judge.
 DOAN, P.J., concurs, PAINTER, J., concurs separately.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.