OPINION
Defendant-appellant Samuel King appeals from the Jefferson County Common Pleas Court's entry sentencing him on his guilty pleas to nonsupport, filing a false application for a certificate of registration and failure to file state income tax returns. Appellant claims that the trial court committed reversible error by failing to appoint counsel to represent him. For the following reasons, appellant's convictions are affirmed.
 STATEMENT OF THE CASE
On April 7, 1999, a twenty-one count indictment was filed against appellant. At his arraignment, he pled not guilty and informed the court that he had retained Attorney Rick Luther. On June 2, 1999, an eight count indictment was filed against appellant. Rather than proceed with his first choice of counsel, appellant informed the court that he would retain Attorney Dennis McNamara from Columbus. However, appellant never did so.
Thereafter, Attorney Uche Mgbaraho appeared on appellant's behalf at a September 15, 1999 hearing. The court stated that appellant "keeps promising that he's going to get a lawyer and then keeps not getting a lawyer." The court informed the attorney, "If you get into this case and you file a motion to withdraw later on for not getting paid, I'm not letting you out." Attorney Mgbaraho consented to this condition.
Nevertheless, on January 3, 2000, Attorney Mgbaraho filed a motion to withdraw as counsel. The next day, the court denied this request noting that appellant objected to the withdrawal and that the attorney had been warned that he would not be permitted to withdraw. Attorney Mgbaraho filed another motion to withdraw on February 25 mentioning that appellant may be entitled to court-appointed counsel. On March 3 the court denied the motion. On March 8 the attorney filed a motion for reconsideration and a motion for a continuance attaching a letter from appellant seeking his attorney's withdrawal from the case.
On March 10, three days before the trial date which had been set since November, appellant filed his own motion seeking dismissal of his attorney and requesting a continuance in order to retain new counsel. The court held a hearing that day. Appellant asked that the court order a continuance so that he could retain Attorney McNamara. The court stated that Attorney McNamara called the court and explained that he would not represent appellant unless he is paid a large retainer. The court noted that appellant has been stalling since the beginning of the case by stating that he hired an attorney and then failed to pay them. Appellant replied that he just received a $272,000 inheritance from his uncle.
The court ordered Attorney Mgbaraho to remain in the case as stand-by counsel and informed appellant that if he could retain another attorney by the March 13 trial date, then Attorney Mgbaraho would be released. Although the court refused to grant a full continuance, it sua sponte
ordered bifurcation so that only the six simplest counts would go to trial on March 13. These six counts are as follows: nonsupport with a specification in violation of R.C. 2919.21(B) for failing to pay child support since November 1994; filing a false application in order to receive a certificate of registration for a mortgage brokerage license in violation of R.C. 1322.07(A); failure to open a special account in violation of R.C. 1322.07(C); and three counts of failure to file a tax return in 1996, 1997 and 1998 in violation of R.C. 5747.19. The trial on the remaining twenty-three counts was continued until May. Many of these counts involved fraud and misrepresentation.
Five hours before appellant's trial was to begin on March 13, 2000, he finalized a plea agreement with the state. The state agreed to dismiss the twenty-three counts scheduled for trial in May, the special account charge, and one of the tax return counts in exchange for appellant's guilty pleas on the remaining four charges. The state also agreed to dismiss the indictment that had been filed against appellant's wife, Gloria King. Prior to accepting the plea, the court engaged in a Crim.R. 11 colloquy and repeatedly advised appellant of his right to court-appointed counsel. Appellant orally waived his right to counsel and signed a written waiver. On March 14, the court filed its entry finding appellant guilty of the four fifth-degree felonies.
A sentencing hearing was held on March 29, 2000. The amount of restitution owed to various victims was established. At the hearing, appellant admitted that he lied about receiving a $272,000 inheritance. For this, the court found appellant guilty of direct contempt and immediately sentenced him to jail time. For the nonsupport charge, appellant was sentenced to six months in the Eastern Ohio Correctional Center (EOCC). For filing a false application, appellant was sentenced to eleven months in prison and fined $2,500. For the first count of failure to file a state income tax return, appellant was sentenced to nine months in prison and fined $1,000. For the second count of failure to file a return, appellant was fined $1,000, sentenced to six months in EOCC and given five years of community control after his release from incarceration. The eleven-month and nine-month prison sentences were ordered to run consecutively after which the two six-month EOCC sentences were to run concurrently with each other. The court's sentencing entry was filed on April 5, 2000. A timely appeal followed.
 ASSIGNMENT OF ERROR
Appellant's sole assignment of error provides:
 "The trial court erred in failing to grant the Defendant Court-appointed counsel pertaining to the thirty-seven (37) [sic] Count Felony Indictment before said Court."
Appellant argues that he did not knowingly, intelligently and voluntarily waive his right to court-appointed counsel and that the record clearly established his indigency. He also complains that the court failed to advise him of the dangers inherent in self-representation.
Relevant to this assignment are the following portions of Crim.R. 44:
 "(A) Counsel in serious offenses. Where a defendant charged with a serious offense is unable to obtain counsel, counsel shall be assigned to represent him at every stage of the proceedings * * * unless the defendant, after being fully advised of his right to assigned counsel, knowingly, intelligently, and voluntarily waives his right to counsel.
 (C) Waiver of counsel. Waiver of counsel shall be in open court and the advice and waiver shall be recorded * * *.
 (D) Assignment procedure. The determination of whether a defendant is able or unable to obtain counsel shall be made in a recorded proceeding in open court."
Initially, it should be noted that in State v. Kyser (Aug. 10, 2000), Mahoning App. No. 98CA144, unreported, this court reversed the defendant's conviction where he represented himself at a bench trial after the court failed to warn him of the dangers inherent in self-representation. That case is distinguishable as that court failed to inquire on the record whether counsel could be obtained. The court also failed to record any waiver of counsel as required by Crim.R. 44. In fact, Kyser signed a rights waiver in which he specifically failed to waive his right to counsel.
In the case at bar, the court held a hearing on appellant's ability to obtain counsel. The record contains evidence that appellant was not indigent. Indeed, appellant told the court that he recently received a $272,000 inheritance from his uncle. He told the court that he just purchased a $30,000 car that the court could see in the parking lot. The fact that these were lies and that appellant may have actually been indigent is not chargeable to the court. Defendants are prohibited from inviting such errors at trial and then arguing them on appeal.
Additionally, the court recorded appellant's waiver of counsel. At the change of plea hearing, the court advised appellant of his right to counsel. Appellant waived his right to court-appointed counsel orally in open court and signed a written waiver.
Moreover, the court essentially provided appellant with an attorney by failing to release Attorney Mgbaraho. Appellant claimed to have four different lawyers on four different occasions: Luther, McNamara, Mgbaraho and once again McNamara. The court indicated that appellant was unreasonably delaying and that his problems with counsel were the product of his stalling tactics. When appellant wished to terminate Attorney Mgbaraho and be granted a continuance, the court refused such request. Although the court failed to grant a continuance as to six charges, the court ordered Attorney Mgbaraho to remain as stand-by counsel. The court desired to order him to remain as actual counsel but appellant refused as he desired to be represented by Attorney McNamara. The court advised appellant that Attorney McNamara could enter his appearance on the day of trial. However, appellant showed up without counsel to plead guilty hours before trial. Due to appellant's agreement to plead, the state dismissed twenty-five out of appellant's twenty-nine charges and dismissed all charges against appellant's wife, resulting in a favorable deal for appellant.
Appellant had multiple opportunities to seek new counsel. He continually precipitated his own problems. He had the availability of Attorney Mgbaraho whom the court refused to release. Importantly, although Attorney Mgbaraho was not actually court-appointed, the court essentially provided him as counsel to appellant by refusing to release him. If appellant was indigent, as he now argues, then we respond that an indigent defendant does not have the right to his choice of counsel.Thurston v. Maxwell (1965), 3 Ohio St.2d 92, 93. For the foregoing reasons, appellant's argument is without merit.
Appellant also mentions that his plea was not entered knowingly. As support for this proposition, he points to the plea transcript where he states that he did not pay child support or file income tax returns because he had no income. However, the court clearly informed him that if he went to trial, a jury could not convict him if it believed that he had no income. Appellant indicated that he understood and that he wished to continue with his plea. Hence, this argument is without merit. This assignment of error is overruled.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
 _____________________ VUKOVICH, J.
Cox, P.J., concurs.
Donofrio, J., concurs.