OPINION
{¶ 1} Defendant-appellant, Edward Wilson, was convicted of illegal use of a minor in nudity-oriented material. He appeals from a decision of the Butler County Court of Common Pleas sentencing him on this charge, imposing a fine, and adjudicating him to be a sexual predator. For the reasons that follow, we affirm in part and reverse and remand in part.
{¶ 2} Appellant was indicted on charges of illegal use of a minor in nudity-oriented material, and unlawful sexual conduct with a minor. He pled guilty to a second-degree felony charge of illegal use of a minor in nudity-oriented material, and the remaining charge was dismissed. The trial court subsequently conducted a combined sentencing and sexual predator hearing. At the outset of this hearing, appellant requested that he be appointed new counsel. The trial court denied the request and proceeded to adjudicate appellant a sexual predator. In addition to imposing a prison sentence, the trial court also levied a $10,000 fine against appellant. He appeals, raising three assignments of error for our review.
 Assignment of Error No. 1 {¶ 3} "THE COURT ERRED IN DETERMINING THAT APPELLANT WAS A SEXUAL PREDATOR."
{¶ 4} Appellant first contends that there was insufficient evidence to support the sexual predator classification. In particular, appellant argues that there is no clear and convincing evidence that he is likely to re-offend.
{¶ 5} R.C. 2950.09(B)(2) provides that the trial court, in making a determination as to whether an offender is a sexual predator, shall consider all relevant factors, including, but not limited to:
{¶ 6} "(a) The offender's age;
 {¶ 7} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 8} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 9} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 10} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 11} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 12} "(g) Any mental illness or mental disability of the offender;
 {¶ 13} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 14} "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one of more threats of cruelty;
 {¶ 15} "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
{¶ 16} The trial court must "consider" these factors before classifying an offender as a sexual predator. State v. Thompson,92 Ohio St.3d 584, 588, 2001-Ohio-1288. This simply means that the trial court must reflect upon them or "think about them with a degree of care or caution." Id. at fn. 1. However, the trial court has the discretion to determine what weight, if any, to assign the factors. Id. at paragraph one of the syllabus. The trial court is not required to find that the evidence presented supports a majority of the R.C. 2950.309(B)(2) factors before making the sexual predator classification, but may rely upon one factor more than another, depending upon the circumstances of the case.State v. Boshko (2000), 39 Ohio App.3d 827, 840.
{¶ 17} In the present case, the trial court reviewed appellant's presentence investigation report. The report, along with evidence at the hearing, reveal that appellant, then 68 years old, offered a 14-year-old girl $50 to take nude pictures of her. Statements made by appellant and included in the presentence investigative report indicate that appellant has little remorse for his actions, but instead maintains that the victim is to blame. Appellant has three prior convictions for sex offenses against minors. He has a history of alcohol abuse, has been diagnosed with an anti-social personality disorder and has psychopathic tendencies. Appellant completed two tests, the Sexual Offense Risk Assessment Guide and the Violence Risk Assessment Guide, both of which indicate that appellant poses a moderately high risk of recidivism. A psychological evaluation concludes that appellant's test scores, combined with other aggravating factors, place appellant at high risk of re-offending. We find that this evidence clearly and convincingly indicates that appellant is likely to re-offend.
{¶ 18} The fact that appellant can point to other cases involving allegedly more invidious facts, in which a sexually-oriented offender was not found to be a sexual predator, is of no consequence in this analysis. Sexual predator determinations are fact specific and must be analyzed on a case-by-case basis. State v. Maser (Apr. 20, 1999), Franklin App. No. 98AP-689. The independent facts of this case warrant appellant's adjudication as a sexual predator.
{¶ 19} Upon review of the record, we find that there is clear and convincing evidence which supports the trial court's determination that appellant is a sexual predator. The assignment of error is overruled.
 Assignment of Error No. 2 {¶ 20} "THE COURT FAILED TO MAKE ADEQUATE INQUIRY INTO APPELLANT'S REQUEST FOR NEW COUNSEL."
{¶ 21} In his second assignment of error, appellant contends that the trial court erred by failing to inquire into his objections with the public defender assigned to his case. At the sentencing hearing, the following exchange occurred:
 {¶ 22} "By the Court: * * * You've indicated that your client for the first time today, has indicated that he would — wish to — retain new counsel?
{¶ 23} "By Mr. Gehr: Well — uh —
{¶ 24} "By the Court: Were you appointed Mr. Gehr?
{¶ 25} "By Mr. Gehr: Your Honor, I was appointed.
 {¶ 26} "By the Court: Mr. Wilson, can cite there's some particular reason why Mr. Gehr should be discharged from your case?
 {¶ 27} "By Mr. Wilson: Yes sir. I don't think that I've been represented right.
 {¶ 28} "By the Court: Well, I let's — conjecture and speculation on your part, can you give me a particular?
 {¶ 29} "By Mr. Wilson: Yes. My home's been took away from me. My — clothing, my, uh, furniture, everything has been took away from me without — me having anything to say so about it. I would like time to get this straightened out. My sister's now working on it. And I have — to sign some papers or whatever, and I would like for my court date to — for sentencing to be set up a little bit.
 {¶ 30} "By the Court: It would appear that Mr. Gehr has done a very good job representing Mr. Wilson on some very serious charges, and the court has always had a good experience and good — found Mr. Gehr is a zealous advocate of his clients, and has done a fine job, once again, in this case, and I have no intention, based upon what's been presented to discharge him — Mr. Gehr and appoint another attorney to you. And have found that you're presented the court with no rationale, or reason, or anything, that would support doing such a thing."
{¶ 31} An indigent defendant has a right to competent counsel, not a right to counsel of his own choosing. State v. Blankenship (1995),102 Ohio App.3d 534, 558, affirmed 74 Ohio St.3d 522, 1996-Ohio-58, citingThurston v. Maxwell (1965), 3 Ohio St.2d 92, 93. To discharge a court-appointed attorney, the defendant must show a breakdown in the attorney-client relationship of such magnitude as to jeopardize the defendant's right to effective assistance of counsel. State v. Henness,79 Ohio St.3d 53, 65, 1997-Ohio-405 quoting State v. Coleman (1988),37 Ohio St.3d 286, paragraph four of the syllabus. An indigent defendant is entitled to appointment of substitute counsel only upon a showing of good cause, such as a conflict of interest, a complete breakdown in communication, or an irreconcilable conflict which leads to an apparently unjust result. Blankenship, 102 Ohio App.3d at 558.
{¶ 32} In short, the conflict must be so severe that a denial of substitution of counsel would implicate a violation of the Sixth Amendment right to counsel. Id. In the absence of such a Sixth Amendment concern, the decision of a trial court to refuse substitution of counsel will be reversed only if the court has abused its discretion.State v. Pruitt (1984), 18 Ohio App.3d 50, 57.
{¶ 33} In the present case, we find that the differences between appellant and his appointed counsel were not such as to justify discharging his attorney and substituting new counsel. A review of the transcript reveals that the trial court inquired into the reasons for appellant's disagreement with his attorney. Although appellant contended that he had been poorly represented, he was unable to articulate any specific errors committed by his counsel, or even any general disagreements with the manner in which counsel had represented him. Instead, appellant only contended that he needed time "to get this straightened out." At the conclusion of this exchange, the trial court informed appellant that his counsel had performed competently before the court in the past, that counsel performed competently in this case, and that appellant would not be appointed new counsel in the present matter. We find that the trial court did not abuse its discretion in making this decision. Appellant's second assignment of error is overruled.
 Assignment of Error No. 3
{¶ 34} "THE COURT ABUSED ITS DISCRETION IN IMPOSING A FINE."
{¶ 35} In his last assignment of error, appellant contends that the trial court erred by imposing a fine without considering his present and future ability to pay the fine.
{¶ 36} The state concedes that the trial court failed to comply with R.C. 2929.19(B)(6), which requires the trial court, before imposing a fine, to "consider the offender's present and future ability to pay the amount of the sanction or fine." Our review of the record confirms that there is no indication that the trial court considered appellant's ability to pay the fine before imposing it. Because the court must comply with the legislature's mandate under R.C. 2929.19(B)(6), we remand with instructions that the trial court consider appellant's present and future ability to pay the fine. The third assignment of error is sustained.
{¶ 37} Judgment affirmed in part and reversed and remanded in part.
YOUNG and BROGAN, JJ., concur.
Brogan, J., of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.