JOURNAL ENTRY and OPINION
{¶ 1} The Cleveland Municipal Court found defendant Karell McDaniel guilty of one count of domestic violence, a first degree misdemeanor. In this appeal, McDaniel complains that he was denied the effective assistance of counsel and that the judgment of conviction is against the manifest weight of the evidence.
 I {¶ 2} McDaniel first argues that he was denied the effective assistance of counsel because on the day of trial, an attorney different from the one he had met with appeared for trial. He maintains that this second attorney had no time to prepare for trial, nor did he request a continuance to prepare.
 A {¶ 3} The Sixth Amendment right to counsel guarantees "effective" counsel. Powell v. Alabama (1932), 287 U.S. 45, 57. Effective counsel is one who "plays the role necessary to ensure that the trial is fair." Strickland v. Washington (1984),466 U.S. 668, 684. "A fair trial is one in which evidence subject to adversarial testing is presented to an impartial tribunal for resolution of issues defined in advance of the proceeding." Id. at 685. Hence, "the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686.
 {¶ 4} Under some circumstances the late appointment of counsel so close to the time of trial constitutes a per se violation of the right to counsel. In United States v. Cronic
(1984), 466 U.S. 648, the supreme court held that a per se violation of the right to counsel exists "when counsel was either totally absent, or prevented from assisting the accused during a critical stage of the proceeding." Id. at 659, fn.25. The Court further observed that there may be "some occasions when, although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of trial." Id. at 659-660. As an example, the supreme court pointed to Powell, where it found that the last-minute appointment of defense counsel violated the right to counsel. Id. at 660-661.
 {¶ 5} This is not a case where counsel had been appointed at the last minute. The court early on advised McDaniel to approach the public defender's office for representation. Shortly thereafter, an attorney from that office began representing McDaniel. On the day of trial, a second attorney from the public defender's office appeared for McDaniel. There is no indication in the record as to why there had been a change in attorneys. It was not until the sentencing hearing, held three weeks later, when the first attorney again appeared with McDaniel, that he made any comment about trial counsel. McDaniel told the court that "I regret that [the first attorney] was not here on my trial date. The attorney that represented me when I met him for the first time while court was in session." When the court asked McDaniel if he wanted to say something, McDaniel replied, "I was nervous, and I was hoping when I talked with him that we would have a few minutes to talk. And he said, `Well, do you want to have a trial?' I said, `I did tell [the first attorney] that I wanted to have a trial.'" McDaniel went on to say that he "was hoping and thinking" that the second attorney would ask for a continuance so that the first attorney could appear at trial. He said that the second attorney "had no knowledge of any past legal history or anything."
 {¶ 6} These facts do not establish a per se violation of the right to counsel. There is no doubt that assigned counsel assisted in representing McDaniel prior to trial. While another attorney appeared on the day of trial, the issues to be tried were very simple and required no specific preparation from McDaniel. This was a case where substitute trial counsel could have been fully briefed on the facts and issues in advance of trial, with no particular input being necessary from McDaniel. The court considered this point at sentencing, noting in response to McDaniel's complaint that "I presided over the trial. I know you got a fair one." There is nothing in the record to convince us otherwise. And while McDaniel might have desired that his first attorney represent him at trial, the Sixth Amendment does not guarantee counsel of one's choosing. Thurston v. Maxwell
(1965), 3 Ohio St.2d 92, 93. The first assignment of error is overruled.
 B {¶ 7} McDaniel next complains that the court's judgment of conviction is against the manifest weight of the evidence. He maintains that no reasonable fact finder could have concluded that he knowingly intended to harm the victim.
 {¶ 8} When considering an appellant's claim that the conviction is against the weight of the evidence, we examine the entire record, weighing the evidence and considering the credibility of witnesses, while being mindful that credibility generally is an issue of fact for the trier of fact to resolve.State v. Thomas (1982), 70 Ohio St.2d 79, 80, 434 N.E.2d 1356. We may reverse the judgment of conviction if it appears that the jury, in resolving conflicts in the evidence, "`clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" State v.Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52, quoting Statev. Martin (1983), 20 Ohio App.3d 172, 175. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. Martin, supra.
 {¶ 9} The state's evidence showed that McDaniel and the victim were living together, but that McDaniel had started divorce proceedings against her. Thinking that he had been seeing another woman, she took possession of his calendar/address book. The victim claimed the calendar documented meetings he had with the other woman. The victim also stated that she took her allegations regarding McDaniel's infidelity to the church where they both worshipped, showing the calendar to church leaders as proof of her allegations.
 {¶ 10} When McDaniel discovered that the victim showed his calendar to the church leaders, he confronted her and demanded that she return it to him. She refused, and McDaniel told her that he was going to terminate her cell phone service (the contract for the victim's cell phone was in his name). He picked up a cell phone and started dialing. Thinking that he really was trying to cancel her cell phone service, the victim tried to grab the cell phone from him. He resisted and hit her in the lip. At the same time, he scratched her on the chest with keys that he held in the same hand as the cell phone. The police documented the victim's injuries with photographs that were introduced into evidence at trial. Those photographs are not, however, in the trial court record.
 {¶ 11} McDaniel argues that he did not knowingly strike the victim, but simply acted reflexively when she tried to take the cell phone from his hand. The court took exception with McDaniel's version, noting that the scratches the victim received were too deep to be accidental or inadvertent. Likewise, the court noted that McDaniel had broken the skin on the victim's lip, again with a force that belied any claim of an accident. We have no basis for disagreeing with the court's conclusion. The second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Colleen Conway Cooney, P.J., and Anthony O. Calabrese, Jr.,J., concur.