[Cite as *State v. Wintermute*, 2012-Ohio-3292.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

STATE OF OHIO                          :

    Plaintiff-Appellee            :          C.A. CASE NO. 24815

vs.                                    :          T.C. CASE NO. 11CRB4453

CHRISTOPHER WINTERMUTE                 :          (Criminal Appeal from
                                               Municipal Court)
    Defendant-Appellant          :

· · · · · · · · ·

**O P I N I O N**

Rendered on the 20th day of July, 2012.

· · · · · · · · ·

John Danish, City Attorney (Atty. Reg. No. 0046639); Amy B. Musto, Asst. City Prosecutor, Atty. Reg. No. 0071514, 335 W. Third Street, Room 372, Dayton, OH 45402

    Attorneys for Plaintiff-Appellee

Zachary Bushatz, Atty. Reg. No. 0083972, 2190 Gateway Drive, Fairborn, OH 45324
    Attorney for Defendant-Appellant

· · · · · · · · ·

GRADY, P.J.:

{¶ 1} Defendant Christopher Wintermute appeals from his conviction and sentence for assault in violation of R.C. 2903.13(A).

{¶ 2} On May 14, 2011, Defendant was helping his father move out of a house that his father had been renting with two roommates, Anthony Nelson and Harry Stoner. While

Defendant and his father were carrying a bed boxspring down a flight of stairs, Nelson and Defendant's father got into a verbal altercation and then a shoving match. According to Nelson, Defendant hit Nelson twice in the back of his head while Nelson was fighting Defendant's father, resulting in a lump on Nelson's head the size of a golf ball.

{¶ 3} Nelson called the police to report the assault by Defendant. Officer Bozarth responded to the scene and spoke with Nelson and Stoner. Defendant and his father left before Officer Bozarth arrived.

{¶ 4} On May 16, 2011, Nelson filed a criminal complaint in Dayton Municipal Court. Defendant was charged with assault in violation of R.C. 2903.13(A), a first degree misdemeanor. Following an August 11, 2011 bench trial, the trial court found Defendant guilty of assault and sentenced him to 180 days in jail, which the court suspended, 20 hours of community service in lieu of fines, and one year of supervised probation. Defendant also was ordered to complete an anger management program.

{¶ 5} Defendant filed a notice of appeal raising two assignments of error.

{¶ 6} First Assignment of Error:

{¶ 7} "APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL."

{¶ 8} On June 17, 2011, Susan Souther, an attorney with the Montgomery County Public Defender's Office, filed a notice of appearance as Defendant's attorney. However, Attorney Souther did not appear to represent Defendant on the day of trial. Rather, according to Defendant, another attorney from the Public Defender's Office showed up and represented

him at trial.[1]   Defendant contends that he "had prepared going to trial with Attorney Souther, who knew the facts of Appellant's case."   Brief, p.9.   Defendant argues that Attorney Souther's failure to appear for trial establishes ineffective assistance of counsel.   We do not agree.

{¶ 9}   Counsel's   performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance.  *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.   To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must affirmatively demonstrate to a reasonable probability that were it not for counsel's errors, the result of the trial would have been different.  *Id.*; *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).   "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Strickland*, 466 U.S. at 694.   Further, the threshold inquiry should be whether a defendant was prejudiced, not whether counsel's performance was deficient.  *Strickland*.

{¶ 10} Defendant does not specify how he was prejudiced by Attorney Souther's failure to appear, to the extent that a different result would otherwise have occurred.   Absent a showing of prejudice, we cannot find ineffective assistance of counsel.   Further, the fact that Defendant did not have the counsel of his choosing represent him at trial does not establish the requisite prejudice.   In *Thurston v. Maxwell*, 3 Ohio St.2d 92, 93, 209 N.E.2d 204 (1965), the Ohio Supreme Court wrote:

---

[1]The transcript identifies Defendant's trial counsel as "unidentified" or "the defense."

The right of an accused to select his own counsel is inherent only in those cases wherein such accused is employing the counsel himself. The right to have counsel assigned by the court does not impose a duty on the court to allow the accused to choose his own counsel; the selection is within the discretion of the court. * * *

{¶ 11} The first assignment of error is overruled.

{¶ 12} Second Assignment of Error:

{¶ 13} "THE TRIAL COURT FINDING APPELLANT GUILTY WAS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶ 14} When reviewing a judgment under a manifest weight standard of review:

[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [factfinder] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which evidence weighs heavily against the conviction.

*State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541, quoting *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 15} Defendant was convicted of assault in violation of R.C. 2903.13(A), which provides: "No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn." R.C. 2901.22(B) defines "knowingly" and provides:

A person acts knowingly, regardless of his purpose, when he is aware that this conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist.

{¶ 16} At trial, Nelson testified that Defendant twice hit him on the head while Nelson was fighting with Defendant's father, and that he was "certain" that it was Defendant who delivered the two blows. (Tr. 11). Nelson was injured as a result of Defendant's blows to Nelson's head. This testimony, if credited, establishes that Defendant committed assault in violation of R.C. 2903.13(A).

{¶ 17} Defendant argues that Nelson's testimony should not be credited because Nelson was not wearing his glasses at the time of the fight with Defendant's father, and only saw Defendant out of the corner of his eye. Further, Defendant's father testified that he did not see Defendant hit Nelson.

{¶ 18} The credibility of the witnesses and the weight to be given to their testimony are matters for the trier of facts to resolve. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967). In *State v. Lawson*, 2d Dist. Montgomery No. 16288, 1997 WL 476684, *4 (Aug. 22, 1997), we observed:

Because the factfinder * * * has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determinations of credibility. The decision whether, and to what extent, to credit the testimony

of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness.

{¶ 19} The trial court chose to credit the testimony of Nelson over the testimony of Defendant's father. It was well within the trial court's discretion to do so. Nelson's testimony is competent, credible evidence that supports Defendant's conviction. Based on our review of the record before us, we cannot find that Defendant's conviction is against the manifest weight of the evidence.

{¶ 20} The assignments of error are overruled. The judgment of the trial court will be affirmed.

DONOVAN, J., And HALL, J., concur.


Copies mailed to:

Amy B. Musto, Esq.
Zachary Bushatz, Esq.
Hon. Daniel G. Gehres