[Cite as *State v. Whittaker*, 2017-Ohio-7286.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                     CASE NO. 6-16-12

      v.

JAMIE LEA WHITTAKER,                 O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Hardin County Common Pleas Court
Trial Court No. CR 20162126

**Judgment Affirmed**

Date of Decision: August 21, 2017

APPEARANCES:

    *Todd A. Workman* for Appellant

    *Jason M. Miller* for Appellee

**SHAW, J.**

{¶1} Defendant-appellant, Jamie Whittaker ("Whittaker"), brings this appeal from the December 1, 2016, judgment of the Hardin County Common Pleas Court sentencing Whittaker to an aggregate 60-month prison term after she was convicted of various drug offenses.  On appeal, Whittaker argues that the trial court erred by denying her the "counsel of her choice" and by denying her request for a continuance of the trial date.

*Relevant Facts and Procedural History*

{¶2} On August 19, 2016, Whittaker was indicted in a 17-count indictment alleging various drug offenses as follows:  three counts of Possession of Dangerous Drugs in violation of R.C. 4729.51(C)(3)/4729.99(H), all felonies of the fifth degree (Counts 1, 13, 15); three counts of Sale of Dangerous Drugs in violation of R.C. 4729.51(C)(2)/4729.99(E)(1), all felonies of the fourth degree (Counts 2, 14, 16); two counts of Possession of Drugs (Suboxone) in violation of R.C. 2925.11(A)/(C)(2)(a), both felonies of the fifth degree (Counts 3, 11); two counts of Trafficking in Suboxone in violation of R.C. 2925.03(A)(2)/(C)(2)(a), both felonies of the fifth degree (Counts 4, 12); three counts of Aggravated Possession of Oxycodone in violation of R.C. 2925.11(A)/(C)(1)(a), all felonies of the fifth degree (Counts 5, 7, 9); three counts of Aggravated Trafficking in Oxycodone in violation of R.C. 2925.03(A)(2)/(C)(1)(a), all felonies of the fourth degree (Counts

-2-

6, 8, 10); and one count of Possessing Criminal Tools in violation of R.C. 2923.24(A), a felony of the fifth degree (Count 17). Counts 1, 2, and 13-16 also alleged the penalty enhancement that Whittaker had a prior conviction for Permitting Drug Abuse.[1] Whittaker pled not guilty to the charges.

{¶3} On October 3, 2016, Whittaker filed a motion to suppress alleging that the affidavit supporting a search warrant to search her room where the drugs were found was not supported by probable cause. A hearing was held on that motion and Whittaker's motion was ultimately overruled.

{¶4} Whittaker's case proceeded to a jury trial where the evidence indicated that a search of her room was conducted pursuant to a warrant and that the search uncovered Suboxone strips, Promethazine, Oxycodone, and 40 mg Nexium (prescription strength), none of which she had a prescription for. Over $24,000 in cash was also located in Whittaker's room, and there were indications that the drugs were packaged for sale in Whittaker's room. During a prior search of another residence, law enforcement officers found Whittaker with pills, money, and a "ledger" detailing initials of various people and dollar amounts owed. Evidence was also presented that Whittaker had a prior drug offense.

{¶5} Based on the evidence presented, the jury convicted Whittaker of all 17 counts against her. Whittaker's case then proceeded to sentencing, where the trial

---

[1] A forfeiture specification was also included indicating that Whittaker was found to have $24,162.38 and that it was proceeds derived from or acquired through the commission of felony offenses.

court merged a number of the offenses and the State elected to proceed to sentence Whittaker on Counts 2, 4, 6, 16, and 17. For Count 2, Sale of Dangerous Drugs (Promethazine), Whittaker was sentenced to serve 14 months in prison, for Count 4, Trafficking in Suboxone, Whittaker was ordered to serve 10 months in prison, for Count 6, Aggravated Trafficking of Oxycodone, Whittaker was ordered to serve 14 months in prison, for count 16, Sale of Dangerous Drugs (Nexium 40 mg), Whittaker was ordered to serve 12 months in prison, and for Count 17, Possessing Criminal Tools (Ledger), Whittaker was ordered to serve 10 months in prison. All of the prison terms were ordered to be served consecutive to each other for an aggregate prison term of 60 months. A judgment entry memorializing Whittaker's sentence was filed on December 1, 2016. It is from this judgment that Whittaker appeals, asserting the following assignment of error for our review.

**Assignment of Error**
**The trial court erred to the prejudice of [Whittaker] when it deprived [Whittaker] of her Sixth Amendment Right to choose who will represent her.**

{¶6} In her assignment of error, Whittaker argues that she was deprived of her right to choose who would represent her. Specifically, she argues that the trial court essentially denied her ability to choose her own counsel when the trial court denied her request for a continuance made two weeks before trial.

## *Standard of Review*

{¶7} Inasmuch as Whittaker's assignment of error pertains to the trial court's denial of her oral request for a continuance, we review the trial court's determination under an abuse of discretion standard. *State v. Unger*, 67 Ohio St.2d 65 (1981), at syllabus.

{¶8} As Whittaker's assignment of error relates to the trial court's purported denial of the counsel of Whittaker's choice, "[a]n element of the Sixth Amendment right to counsel is the right of a defendant who does not require appointed counsel to select an attorney of [her] own choosing." *State v. Daily*, 2d Dist. Montgomery No. 23069, 2009-Ohio-4582, ¶ 10, citing *United States v. Gonzalez–Lopez*, 548 U.S. 140, 126 S.Ct. 2557 (2006). The Sixth Amendment right is violated when the defendant is erroneously prevented from being represented by the lawyer she wants, regardless of the quality of the representation she receives. *Id*. citing *Gonzales-Lopez*. A trial court's erroneous deprivation of a criminal defendant's Sixth Amendment right to counsel of her own choosing "entitles defendant to a reversal of [her] conviction because the error is 'structural.'" *Daily* at ¶ 10, quoting *Gonzalez-Lopez*.

## *Whittaker's Request for New Counsel*

{¶9} In this case, Whittaker argues that the trial court essentially denied her request for the counsel of her choice at a pre-trial hearing that was held on

November 1, 2016. At that pretrial hearing, which was approximately two weeks before Whittaker's scheduled trial date, the trial court had the parties put the proposed plea negotiations on the record. The plea negotiations were noted on the record, and then the parties went off the record so that Whittaker could speak further with her attorney regarding her case.

{¶10} When the hearing resumed, Whittaker's counsel indicated that Whittaker still did not wish to accept the plea offer, and that Whittaker had indicated to him that she wanted to hire a new attorney. Whittaker expressed her desire for a continuance of her trial date in order to give a potential new attorney adequate time to prepare.

{¶11} The following discussion then occurred regarding Whittaker desiring to replace her counsel.

> **JUDGE: * * * Ms. Whittaker, the basis for your request to change attorneys is what?**
>
> **\* \* \***
>
> **DEFENDANT: I haven't been comfortable with his advice on how it's been going, keeping in contact with each other, I would just rather go the other route and fire him and to get my own attorney.**
>
> **JUDGE: There is a jury trial set for two weeks from tomorrow. I mean if you choose your own attorney, he'll need to be ready or she'll need to be ready by two weeks from tomorrow. There is a trial set, jury notices go out today. Is that what you intend to do?**

**DEFENDANT:  I was requesting a continuance.**

**JUDGE:  On what basis?**

**DEFENDANT:  So the new attorney I'm gonna hire can come prepared.**

**JUDGE:  You've had plenty of time to hire an attorney.  You have a competent attorney appointed to you.  Has [your counsel] Mr. Kelley done anything you believe is not legal or is incompetent?**

**DEFENDANT:  No Your Honor.**

**JUDGE:  Has Mr. Kelley made attempts—he's said he met with you in the jail on multiple occasions, we've given you a lot of time today, he's met with you at other times.**

**DEFENDANT:  This is actually the longest I've talked to Mr. Kelley since he's been court appointed to me.  He seen me once at the jail, and then I haven't even talked to him on the phone.**

**JUDGE:  Alright.  That wasn't my question.  Has he done anything you believe is incompetent?**

**DEFENDANT:  I mean I guess I would say yeah, because I wasn't able to get a hold of him yesterday before this trial.**

**JUDGE:  We'll give you more time right now if you wish to talk with him.  He said that—have you presented to her all of the discovery that's been obtained Mr. Kelley?**

**KELLEY:  Yes Your Honor.  We have discussed the discovery.  I believe that's what we did do at the jail that day, so we did go through it.**

**JUDGE:  Alright.  Do you believe you've provided her with the information containing the statutory law of the State of Ohio and how it applies to these fact situations?**

**KELLEY:  Yes Your Honor.**

**JUDGE: Do you have any questions concerning those things Ms. Whittaker?**

**DEFENDANT: No Your Honor.**

**JUDGE: Alright. Is there anything else—and once again, if there is anything you wish to present as evidence in support of your request to discharge your attorney, I'll allow you to do that.**

**DEFENDANT: I just don't think he's been effective in representing me.**

**JUDGE: Well you'd have to give me some basis for that Mr. Kelley is an experienced trial attorney * * * If you have any evidence on which you wish me to consider that, I certainly will allow you to * * * otherwise you're just your [sic] opinion that you're not satisfied with the proposal that's been made is not sufficient for the Court to find that there has been a conflict of interest or a breakdown in communication or any irreconcilable conflict. None of that would be supported, but I'll allow you to present whatever evidence you wish[.]**

**\* \* \***

**DEFENDANT: I don't really have anything else to say, I just figure I'll just leave it to you. You decide.**

\* \* \* [Judge then inquires of the prosecutor's position and the prosecutor opposes any continuance, indicating the State had issued subpoenas for the scheduled trial date]. \* \* \*

**JUDGE: The Court, under the case law from the State of Ohio would need to find that there is either a conflict of interest—I find no basis for that; there has been a complete breakdown in communication—I find no interest [sic] in that, I find you and Mr. Kelley talking today, you've been given a chance to discuss the case in private, we actually removed ourselves from the courtroom, that, in fact, that you and he have appeared to talk well here at counsel table—so I cannot find that and I do not find**

**any basis for irreconcilable conflict that might lead to an unjust result. If you wish to have another attorney represent you, there is a trial set for two weeks from tomorrow, and you're welcome to get somebody involved if you wish to do that, but we're not going to continue the case. I'm going to continue Mr. Kelley's appointment at this point. If for some reason you decide to hire another attorney to be ready for that trial, I certainly—you know, I have no prohibition against somebody else, however Mr. Kelley is going to be kept as your attorney of record as far as the Court's concerned. \* \* \***

**\* \* \***

**JUDGE: And I think you understand Ms. Whittaker, that there is a trial set and if you wish somebody to co-counsel with Mr. Kelley, with his approval, or anything, I certainly will not prohibit you from doing anything like that if you wish to do it \* \* \*[.] The Court has already denied your request for a continuance now. This matter has been set for trial for quite some time, and so therefore—and it's a serious case Ms. Whittaker. I believe that Defendants are entitled to have their issues resolved in a timely manner. The law requires that. \* \* \***

**\* \* \***

**JUDGE: Alright. Any questions about that procedure?**

**DEFENDANT: No Your Honor.**

(Nov. 1, 2016, Tr. at 15-22).

*Analysis*

{¶12} Whittaker argues that during the November 1, 2016, pretrial hearing, the trial court prevented her from acquiring the counsel of her choice. However, the preceding dialogue makes clear that the trial court never actually prevented Whittaker from the "counsel of her choice" as she suggests. The trial court

emphasized multiple times that Whittaker was free to hire her own attorney, whomever that may be, but her attorney would have to be ready for the trial date that was two weeks from the final pretrial hearing. Thus to the extent that Whittaker specifically argues that the trial court denied her the counsel of her choice, there is no basis in the record for this assertion, and her argument is not well-taken.

{¶13} To the extent that Whittaker is arguing that the trial court erred by finding that Whittaker had not established "a complete breakdown in communication" such that her attorney should be discharged, the record does not support this claim either. "An indigent defendant is entitled to the appointment of substitute counsel only upon a showing of good cause, such as a conflict of interest, a complete breakdown in communication, or an irreconcilable conflict which leads to an apparently unjust result." *State v. Blankenship*, 12th Dist. No. CA94-05-118, 102 Ohio App.3d 534, 538 (1995), citing *State v. Pruitt*, 18 Ohio App.3d 50, 57 (8th Dist. 1984). Whittaker's only argument as to a complete breakdown in communication was that her attorney had not met with her enough, but there was no indication that her attorney was not adequately handling her case or that Whittaker and her attorney were not communicating well. In fact, at this point in the proceedings Whittaker's attorney had already handled a full suppression hearing with Whittaker, and had met with Whittaker and discussed the case with her. At this specific pretrial hearing the record reflects that they communicated before and

during a recess taken so that Whittaker could consider the State's plea offer. On this basis, we cannot find that the trial court erred in determining that there was not a complete breakdown in communication.

{¶14} Finally, Whittaker seems to contend that the trial court erred by denying her request for a continuance, though it is not set out as an assignment of error. Regarding her request for a continuance, Whittaker seemed to be requesting a continuance of an indefinite duration, as she wanted to hire a different, unspecified counsel. Whittaker provided no indication that she actually had tried to contact a different attorney and that such an attorney indicated that he or she could not be ready for the trial, which was two weeks from the final pretrial hearing. Whittaker invites this court to speculate that such an attorney would have been hired and that the attorney could not have been prepared for trial by the trial date. We decline to engage in such speculation. Under the specific circumstances of this case, without anything more definite, we certainly cannot find that the trial court abused its discretion in denying Whittaker's request for a continuance where the trial date was set and her attorney was prepared to handle it. Therefore, Whittaker's argument is not well-taken, and her assignment of error is overruled.

*Conclusion*

**{¶15}** For the foregoing reasons Whittaker's assignment of error is overruled and the judgment of the Hardin County Common Pleas Court is affirmed.

***Judgment Affirmed***

**WILLAMOWSKI and ZIMMERMAN, J.J., concur.**

**/jlr**